IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S, LONDON,<br><br>    Defendant. | Case No.: 1:22-cv-01586-RLY-KMB<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF ITS EXPEDITED MOTION TO COMPEL** |

Under Local Rule 7-1(b)(2), Defendant Underwriters at Lloyd's, London submits the following Brief supporting its Motion to Compel Plaintiff Best Inn Midwest, LLC – a single member LLC – to designate one or more people to testify on its behalf on the topics in Defendant's Notice of Rule 30(b)(6) Deposition.

## INTRODUCTION

Counsel and the Court discussed each of the seven discovery disputes raised by the Parties. While no motions related to those disputes are pending before the Court at this time, the undersigned heard argument from counsel on each of the issues raised and indicated how she would rule on each dispute should a discovery motion be presented containing the same arguments:

- Underwriters' Rule 30(b)(6) Deposition of Best Inn – *this should proceed*, given that counsel for both Parties discussed the need for it all summer and Underwriters served a subpoena ahead of the discovery deadline.

October 4, 2023 Entry and Order from Telephonic Discovery Conference (the "Order"), ECF No. 60 at p. 1 (emphasis added).

Despite Plaintiff affirmatively seeking the Court's guidance on this and other discovery disputes,[1] Plaintiff now refuses to follow the Court's clear sign that Defendant should be allowed to take a Rule 30(b)(6) deposition of Plaintiff. Plaintiff's continued refusal to sit for a deposition has required this Motion.[2]

## BACKGROUND

The parties first discussed Defendant's Rule 30(b)(6) deposition of Plaintiff in May 2023. Specifically, then counsel of record for Plaintiff advised on May 11 that "[w]e have asked our client for dates he is available for deposition in June and will let you know his availability when we receive it." Exhibit 1.[3] Counsel continued to discuss scheduling Defendant's Rule 30(b)(6) deposition of Plaintiff throughout May and June. *See* Davis Dec. ¶ 2. Counsel ultimately agreed that Defendant's Rule 30(b)(6) deposition of Plaintiff would take place on July 25. *See* Exhibit 4.

On July 7, 2023, Casey Scott McKay filed an appearance on behalf of Plaintiff. ECF No. 46. On July 11, Mr. McKay informed defense counsel that "I am the new attorney for Plaintiff Best Inn Midwest in its case against your client Underwriters at Lloyd's, London. And I will be taking over for [Plaintiff's then counsel of record]." *See* Exhibit 3.[4] On July 12, Plaintiff's new counsel filed an unopposed Motion for Extension of Certain Case Management Plan Deadlines. ECF No. 48. The Court granted Plaintiff's unopposed motion in part. ECF No. 52. As relevant here, the deadline for non-expert witness discovery and discovery relating to liability issues was extended to September 25, *id.*, and the Settlement Conference was reset for November 6, ECF No. 55.

---

[1] *See* September 27, 2023, Letter from Casey Scott McKay to the Court.
[2] Defendant reserves the right to seek attorney's fees and expenses under Rule 37.
[3] Exhibits referenced herein are attached to the Declaration of Lindsey Davis.
[4] The Court subsequently granted Joanne Rouse Sommers and Brett Nelson's motions to withdraw. ECF Nos. 51 and 53.

2

On July 14, 2023, Plaintiff's new counsel advised of their preference to move the July 25 Rule 30(b)(6) deposition of Plaintiff in Indianapolis to early August in Washington, D.C. *See* Exhibit 4. The parties agreed to move the deposition to August 9 in Washington, D.C. *See id.* Defense counsel then asked for the deposition to be moved to a date later in August or early in September. *See* Exhibit 5. Plaintiff's counsel agreed. *See id.* Counsel further discussed the scheduling of this deposition on August 29 and 30. Davis Dec. ¶ 3.

On September 13, 2023, Defendant served its Notice of Rule 30(b)(6) Deposition on Plaintiff and noticed the deposition for September 20 in Washington, D.C. *See* Exhibit 6. Later that same day, Plaintiff's counsel responded that "Washington DC still works for us." Exhibit 7. Plaintiff's counsel further responded later that same day that "Best Inn will be objecting to the deposition and Best Inn does not plan on coming the deposition on the 20th (without a court order) because, among other things, its too short of notice and Best Inn has scheduling conflicts. *I inquired with my Client about alternative dates to suggest, but haven't heard anything back yet.*" Exhibit 8 (emphasis added).

On September 15, 2023, Plaintiff served its written objections to the Rule 30(b)(6) Notice. Exhibit 9. As relevant here, Plaintiff objected to the "untimeliness of the Notice, as it does not give Best Inn has prior commitments and it [sic] not give Best Inn enough time to adequately prepare for said deposition. Lloyd's issued the Notice and Subpoena to Best Inn. . . . *Please provide Best Inn fourteen days before the actual deposition when serving Best Inn with a Notice and Subpoena*. *See* F.R.C.P. 32(a)(5)(A)." *See id.* at 3 (emphasis added).[5]

---

[5] Plaintiff's reliance on Federal Rule of Civil Procedure 32(a)(5)(A) is misplaced as that rule governs the taking party's *use* of deposition taken on less than 14 days' notice where the other party "promptly moved for a protective order." If anything, this rule supports the proposition that depositions may take place on less than 14 days' notice.

3

## **LOCAL RULE 37-1 EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE**

Defense counsel immediately proposed that the parties discuss the scheduling of their respective outstanding discovery, including the Rule 30(b)(6) deposition of Plaintiff. *See* Exhibit 8. Defense counsel advised that it "would work with [Plaintiff's counsel] to reschedule [the Rule 30(b)(6) deposition] given [Plaintiff's] conflicts" and offered September 21, 22 and 25 as alternative dates. *See* Exhibit 11. Defense counsel also advised that it was open to mutually agreeing that its Rule 30(b)(6) deposition of Plaintiff to take place shortly after September 25. *See id*. Defendant's scheduling proposal addressed Plaintiff's request in its objections that Defendant "provide Best Inn fourteen days before the actual deposition when serving Best Inn with a Notice." Exhibit 9 at 3. Defendant's proposal had the added benefit of being mutually beneficial given Plaintiff's significant outstanding discovery it sought to complete after the September 25 discovery deadline. *See* Exhibit 11.[6]

Indeed, Plaintiff had unilaterally noticed a fact deposition to be completed *after* the close of discovery[7] and served interrogatories, document requests, and requests for admission that were not be due until weeks *after* the close of discovery.[8] Plaintiff was also seeking the second Rule 30(b)(6) deposition of Defendant and the third-party depositions of Ron Wish and Kathryn Columbia. *See* ECF No. 59.[9] Counsel met and conferred by telephone on September 20 and via email between September 21-25. *See generally id.* Ultimately, Plaintiff refused to sit for a Rule

---

[6] Specifically, defense counsel proposed that the parties jointly approach the Court to advise that the parties were committed to the settlement conference moving forward on November 6, 2023 but need an additional 14 days to complete certain, specific depositions. *See* Exhibit 11; *see also* Exhibit 2.

[7] Plaintiff noticed Jarrod Foote's third-party deposition for September 29, 2023. *See* Exhibit 10.

[8] Plaintiff's First Set of Requests for Admissions, Second Set of Interrogatories, and Second Set of Requests for Production of Documents were not served on Defendant until September 18, 2023. Plaintiff's untimely discovery requests violated the Court's Case Management Plan which prohibited the parties from "serv[ing] discovery requests within the 30-day period before this [non-expert witness discovery and discovery relating to liability issues] deadline unless they seek leave of Court to serve a belated request and show good cause for the same." ECF No. 16 at p. 5, fn. 1.

[9] Plaintiff failed to serve a subpoena on either third party before the close of discovery. *See* ECF No. 59 at p.2

4

30(b)(6) deposition without a Court order but continued to pursue its untimely discovery. *See id.* On September 27, 2023, Plaintiff wrote to the Court asking for its assistance in resolving the parties' discovery disputes.

## ARGUMENT

The Court set this case for a Telephonic Discovery Conference on October 4. ECF No. 58. Before the Discovery Conference, "the Parties submitted a Status Report detailing the seven discovery disputes at issue. . . . [At the Discovery Conference,] Counsel and the Court discussed each of the seven discovery disputes raised by the Parties. While no motions related to those disputes [we]re pending before the Court at th[e] time, the [Court] heard argument from counsel on each of the issues raised and indicated how she would rule on each dispute should a discovery motion be presented containing the same arguments." ECF No. 60 at p. 1.

The Court said Defendant should be allowed to take its Rule 30(b)(6) deposition of Plaintiff. *See id.* The Order on this issue, provides, in its entirety: "Underwriters' Rule 30(b)(6) Deposition of Best Inn – *this should proceed,* given that counsel for both Parties discussed the need for it all summer and Underwriters served a subpoena ahead of the discovery deadline." *Id.* (emphasis added).

As detailed above, Defendant served its Rule 30(b)(6) Notice and sought to take the deposition *before* the close of discovery following months of scheduling discussions. Under these circumstances, Defendant submits that good cause exists such that this deposition should be completed as soon as reasonably possible.

Mindful of the need to complete this deposition before the November 6 Settlement Conference, defense counsel wrote to Plaintiff's counsel right after the Discovery Conference and asked where Plaintiff preferred to sit for its deposition and offered six potential deposition dates.

5

*See* Exhibit 12. Inexplicably, Plaintiff offered to sit for the deposition only if Defendant "is willing to agree to a late second deposition" and "the late deposition of Mr. Wish [is added] into that bargain." *See id.* Critically, however, the Court did not condition its indicative ruling on Defendant's Rule 30(b)(6) deposition of Plaintiff on Plaintiff taking a second Rule 30(b)(6) deposition of Defendant or a second fact deposition of third-party Ron Wish.[10] *See* ECF No. 60 at p. 1. The Court separately addressed each discovery dispute. *See generally id.* at pp.1-2.

Plaintiff should not be allowed to unilaterally condition its participation in the Defendant's Rule 30(b)(6) deposition upon Plaintiff taking its desired discovery. This is contrary to the guidance provided by the Court during the Discovery Conference and in its subsequent Order. *See supra.* Furthermore, Plaintiff did not even attempt to adhere to the Court's guidance and Order with respect to obtaining its own discovery. For example, the Court indicated "counsel for Best Inn can file the appropriate discovery motion [regarding its second Rule 30(b)(6) deposition of Defendant,] with the Court *should he need to do so. . . . [The Court] encouraged counsel to continue to discuss this issue and find a path forward to get Best Inn the information it believes it needs on what sounds like a limited set of topic*s." *Id.* at p. 1 (emphasis added). While Plaintiff's counsel repeatedly promised to narrow the deposition topics,[11] it did not do so and ignored defense counsel's multiple invitations to meet and confer[12]. Plaintiff instead moved to compel. ECF No. 61.

---

[10] The Court ruled that Plaintiff's deposition of third-party witness Kathryn Columbia should not proceed. ECF No. 60 at p. 2. The Court further ruled that Defendant did not need to respond to Plaintiff's First Set of Requests for Admissions, Second Set of Interrogatories, and Second Set of Requests for Production of Documents. *Id.*

[11] *See* Exhibit 2 (September 25: "I will update you on Best Inn's proposed Topics to narrow or remove any Topics for which Lloyd's designee provided sufficient answers to Best Inn's questions"); Exhibit 12 (October 5: "I haven't narrowed the topics yet . . . but I'll work on narrowing them this weekend").

[12] *See* Exhibit 12 (October 5: "Defendant remains available to meet and confer. To that end, we will review Plaintiff's narrowed topics upon receipt."; October 9: "While we have not received any proposed subset of Rule 30(b)(6) topics, we remain available to meet and confer consistent with the Court's instruction that the parties do so."; October 10: "Defendant has . . . repeatedly invited you to propose a narrowed set of topics . . . . While you have repeatedly promised to provide us with narrowed topics, you have failed to do so.").

## **CONCLUSION**

Defendant respectfully requests that the Court order Plaintiff to designate one or more people to testify on its behalf on the topics in Defendant's Notice of Rule 30(b)(6) Deposition of Plaintiff and move forward with the scheduling of this deposition as soon as reasonably possible.

Date: October 12, 2023

                                         s/ Lindsey Davis
                                         Lindsey Davis, *pro hac vice*
                                         Akira Céspedes Pérez, *pro hac vice*
                                         Zelle LLP
                                         500 Washington Ave. South, Ste. 4000
                                         Minneapolis, MN 55415
                                         Tel: 612.339.2020
                                         Fax: 612.336.9100
                                         ldavis@zellelaw.com
                                         acespedesperez@zellelaw.com

                                         -and-

                                         Kandi Hilkelly Hidde, #18033-49
                                         Dean R. Brackenridge, #18543-49
                                         Katherine M. Slisz, #36317-49
                                         FROST BROWN TODD LLC
                                         201 N. Illinois St., Ste. 1900
                                         P.O. Box 44961
                                         Indianapolis, IN 46244-0961
                                         Tel: 317.237.3800
                                         Fax: 317.237.3900
                                         khidde@fbtlaw.com
                                         dbrackenridge@fbtlaw.com
                                         kslisz@fbtlaw.com

                                         *Counsel for Defendant Underwriters at Lloyd's, London*