# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**BEST INN MIDWEST, LLC**

      *Plaintiff,*

                        **Case No: 1:22-cv-01586-RLY-KMB**

      *v.*

**UNDERWRITER'S AT LLOYD'S, LONDON,**

      *Defendant.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

## PLAINTIFF BEST INN'S RESPONSE TO DEFENDANT LLOYD'S MOTION TO COMPEL A LATE DEPOSITION OF BEST INN.

Plaintiff Best Inn Midwest, LLC ("Best Inn"), by and through counsel, MC Law, PLLC, responds to Defendant Underwriter's at Lloyd's, London ("Lloyd's") Motion to Compel a Late Deposition of Best Inn and respectfully asserts that Lloyd's Motion to Compel is premature, unnecessary, unwarranted, without good cause, and founded upon misconduct, as, among other reasons, nothing needs to be compelled at this point in the proceedings, and, in support thereof, states as follows:

1

**TABLE OF CONTENTS**

- SUMMARY
- FACTS
- ARGUMENT
  - I. LLOYD'S MOTION TO COMPEL IS PREMATURE, UNNECESSARY, AND UNWARRANTED: LLOYD'S FAILED TO PROPERLY SEEK LEAVE OF COURT TO COMPLETE LATE DISCOVERY; LLOYD'S FAILED TO PROPERLY SERVE ANY DISCOVERY REQUEST TO BEST INN; AND BEST INN NEVER FAILED OR REFUSED TO RESPOND TO ANY OUTSTANDING DISCOVERY REQUESTS THAT THIS COURT MAY COMPEL.
    - A. Lloyd's Motion to Compel is Premature: Lloyd's Should Have Served its Notice of Deposition Before Filing this Motion to Compel.
    - B. Lloyd's Motion to Compel is Not Necessary: Best Inn Informed Lloyd's that Best Inn Would Sit for a Properly Noticed Rule 30(b)(6) Deposition and Attempted to Inform Lloyd's as to the Proper Procedure for Seeking a Late Deposition.
    - C. Lloyd's Motion to Compel is Not Warranted: Contrary to Lloyd's Claims, Best Inn is Not Refusing to Designate a Person to Testify on its Behalf.
      - *1. Lloyd's Did Not Serve a Proper Notice of Rule 30(b)(6) Deposition nor Requested Best Inn Designate a Corporate Representative.*
      - *2. Mr. Reddy has Been Best Inn's Rule 30(b)(6) Corporate Representative Since the Beginning.*
    - D. Best Inn Tried to Guide Lloyd's as to the Proper Procedure for Seeking a Late Deposition without a Stipulation, but Lloyd's Filed this Motion to Compel Instead.
  - II. LLOYD'S FAILED TO SHOW GOOD CAUSE AS TO WHY IT IS ENTITLED TO CONDUCT LATE DISCOVERY.
    - A. The Court's Indication that it Would Rule to Allow Lloyd's to Conduct a Late Deposition Was Premised on False and Misleading Allegations by Lloyd's.

- *1. Lloyd's Misinformed the Court that it Properly Served its Notice of Deposition on Best Inn Two Weeks Before the Discovery Deadline.*
- *2. Lloyd's Was Aware of the Significance of its Two-Day Error.*
- 3. Lloyd's is Exaggerating the Amount of Times it Discussed its Proposed Deposition of Best Inn with Best Inn.

- B. Lloyd's Failed to Assert Any Valid Good Cause Justifying its Untimely Discovery Request.

- III. BEST INN SHOULD NOT BE FURTHER PENALIZED DUE TO LLOYD'S LACK OF DILIGENCE.

- A. Lloyd's Acted with Bad Form in Attempting to Build Leverage to Bolster its Arguments for Seeking the Late Deposition of Best Inn.

- *1. Lloyd's Sabotaged Best Inn's Deposition of Non-Party Witness Kathryn Columbia to Retaliate Against Best Inn Blocking Lloyd's Rule 30(b)(6) Deposition of Best Inn and to Gain Leverage for Seeking a Late Deposition of Best Inn.*

- *2. Lloyd's Knew Dr. Wish Planned to Leave his Deposition Early, but Lloyd's Withheld Said Knowledge to Bolster its Own Arguments for Late Discovery—and Lloyd's Misinformed both Best Inn and the Court About Such Knowledge.*

- A. Lloyd's intentionally misinformed the Court when Lloyd's claimed it did not know about Dr. Wish's plans to leave his deposition early.

- B. Lloyd's withheld its knowledge of Dr. Wish's plans for an early deposition departure to force Best Inn to seek late discovery, so that Lloyd's could bolster its own arguments for a late deposition.

- IV. CONFERRING WITH LLOYD'S REQUIRES HEIGHTENED PRECAUTION.

- V. LLOYD'S SHOULD BE SANCTIONED TO DETER FUTURE PREMATURE, UNNECESSARY MOTIONS TO COMPEL.

- CONCLUSION

3

**SUMMARY**

Lloyd's argues this Court should grant this Motion to Compel based on the

following reasons:

(1) That Best Inn failed to designate an individual testify on behalf of Best Inn
at Lloyd's Rule 30(b)(6) deposition of Best Inn.

(2) That Lloyd's is entitled to a late deposition of Best Inn for the following
reasons: (i) because the Court indicated that it would rule in favor of Lloyd's
late deposition; and (ii) because "good cause exists" because "Defendant
served its Rule 30(b)(6) Notice and sought to take the deposition *before* the
close of discovery following months of scheduling discussions."

(3) That Best Inn "should not be allowed to unilaterally condition its
participation in the Defendant's Rule 30(b)(6) deposition upon Plaintiff
taking its desired discovery."

(4) And that Best Inn "did not even attempt to adhere to the Court's guidance
and Order with respect to obtain its own discovery" and that "[w]hile
Plaintiff's counsel repeatedly promised to narrow the deposition topics, it did
not do so and ignored defense counsel's multiple invitations to meet and
confer . . . . [and] instead moved to compel."

But, as Best Inn attempted to inform Lloyd's, this Motion to Compel is

premature, unnecessary, unwarranted, and lacks good cause; therefore, Lloyd's Motion

to Compel should be denied in full. The rules do not require filing a motion to compel a

late deposition in this situation. More importantly, Lloyd's never served a proper notice

of deposition to Best Inn. Along the same lines, Best Inn never failed to respond to any

valid discovery requests, nor failed or refused to attend any properly served discovery

request. Despite Best Inn's attempts to inform Lloyd's that the proper procedure for

seeking a late deposition required seeking permission from the Court to conduct late

discovery and then serving a proper notice of deposition to Best Inn, Lloyd's prematurely filed this unnecessary Motion. Accordingly, because Lloyd's Motion to Compel is premature, unnecessary, and lacks good cause, it should be denied in full.

## FACTS

After onboarding new counsel in early July, Best Inn requested a few changes to the dates for the upcoming depositions. (*See* Ex. A, McKay Decl.). On 17 July 2023, Lloyd's emailed Best Inn regarding Lloyd's Rule 30(b)(6) deposition of Best Inn, informing Lloyd's would serve its notice of Rule 30(b)(6) deposition to Best Inn "later this week." (*See* Ex. B, Emails Between Best Inn and Lloyd's Regarding Deposition Scheduling (17 July 2023)). After discussing scheduling conflicts with Best Inn's new counsel, Lloyd's and Best Inn agreed to reschedule Lloyd's Rule 30(b)(6) deposition of Best Inn for 09 August 2023. (*See id*.). On 05 August 2023, the weekend before the deposition,[1] Lloyd's counsel requested to reschedule Lloyd's upcoming August 9th deposition of Best Inn to a "later date in August or early September." (*See* Ex. C, Email From Lloyd's to Best Inn Rescheduling Lloyd's Deposition of Best Inn (05 August 2023)). Best Inn agreed. (*See* Ex. A, McKay Decl.). This was the last time Lloyd's mentioned its deposition of Best Inn until 13 September 2023. (*See id*.). Contrary to Lloyd's counsel's allegation, Lloyd's proposed deposition of Best Inn was *not* discussed

---

[1] In anticipation of Lloyd's upcoming deposition of Best Inn scheduled for August 9th, Best Inn cleared its schedule, purchased tickets and made arrangements to travel to Washington D.C., and spent its week and weekend reviewing thousands of documents to prepare to testify for its Rule 30(b)(6) deposition by Lloyd's. (*Id.*).

on August 29 or 30th;[2] Lloyd's and Best Inn only discussed Lloyd's proposed deposition of Best Inn on three separate occasions before Lloyd's served its Notice to Best Inn on 13 September 2023. (*See id*.).

As discovery advanced from August into September, both parties were engaged in scheduling and rescheduling depositions, resulting in the calendar becoming especially congested during the final week of the discovery deadline. (*See id*.). Lloyd's deposition of Best Inn, however, was not mentioned for over a month. (*See id*.). On 13 September 2023—only twelve days before the close of discovery on 25 September 2023—Lloyd's served its Notice of Rule 30(b)(6) Deposition to Best Inn (the "Notice"), scheduling a last-minute deposition of Best Inn for 20 September 2023—less than four days before the close of discovery. (*See* Ex. G, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023). Lloyd's untimely Notice left Best Inn with less than six days to prepare to testify at the last-minute deposition. (*Id*.). Best Inn therefore immediately objected to Lloyd's Notice, informing Lloyd's that such untimely, short-notice of said deposition was unreasonable, untimely, and too last-minute and objecting that it was not enough time to adequately prepare for the Rule 30(b)(6) deposition and that Best Inn would file a motion to quash and a motion for a protective order against any deposition taken on short notice, thereby preventing Lloyd's from later using the deposition. (*Id*.). Discovery ended a few days later without Lloyd's deposing Best Inn.

---

[2] Best Inn's counsel recorded the entire time at both the August 29th and 30th deposition and there is not one single mention of Lloyd's proposed deposition of Best Inn. (*See* Ex. A, McKay Decl.).

Both parties needed late discovery, so talks of a possible stipulation where growing each day. Despite both parties' engaging in good-faith, exhaustive discussions to meet-and-confer regarding their discovery disputes, no stipulation was ever reached. (*Id.*). Addressing the impasse, Best Inn reached out to the Court on 27 September 2023, seeking the Court's guidance regarding the discovery disputes. (*Id.*). On 04 October 2023, during the Telephonic Discovery Conference, the Court indicated its potential decisions concerning the discovery contentions should they materialize in a motion "containing the same arguments." (*See* Entry and Order from Telephonic Discovery Conference, 1-2 (ECF No. 60.) (stating that "[w]hile no motions related to those [discovery] disputes are pending before the Court at this time, . . . [the Judge] heard argument from counsel . . . and indicated how she would rule on each dispute should a discovery motion be presented containing the same arguments.")).

The parties have not stipulated to any late discovery. Because there is no stipulated agreement between the parties, Best Inn filed its Motion for Leave of Court to Complete Late Discovery on 13 October 2023. (*See* Ex. A, McKay Decl.). Unable to reach a stipulated agreement regarding the discovery disputes, Best Inn filed its Motion to Compel a Second Rule 30(b)(6) deposition of Lloyd's on 11 October 2023. (*See id.*). Lloyd's filed its Motion to Compel its Rule 30(b)(6) deposition of Best Inn the following day. (*See id.*).

7

**ARGUMENT**

**I.   LLOYD'S MOTION TO COMPEL IS PREMATURE, UNNECESSARY, AND UNWARRANTED: LLOYD'S FAILED TO PROPERLY SEEK LEAVE OF COURT TO COMPLETE LATE DISCOVERY; LLOYD'S FAILED TO PROPERLY SERVE ANY DISCOVERY REQUEST TO BEST INN; AND BEST INN NEVER FAILED OR REFUSED TO RESPOND TO ANY OUTSTANDING DISCOVERY REQUESTS THAT THIS COURT MAY COMPEL.**

Lloyd's Motion to Compel is premature, not necessary, and unwarranted as it based on a false allegation that Best Inn failed or refused to respond to a discovery requests. Rather than seek leave from the Court to complete late discovery and serve a proper notice of Rule 30(b)(6) deposition to Best Inn, Lloyd's skipped ahead to filing this Motion to Compel. But Best Inn never refused to designate a person to testify on its behalf, never refused to sit for a deposition, and never failed to attend and properly noticed deposition. Therefore, this Motion to Compel is premature and not necessary.

**A.   Lloyd's Motion to Compel is Premature: Lloyd's Should Have Served  its Notice of Deposition Before Filing this Motion to Compel.**

Seeking a late deposition of a party involves two steps: first, either (i) stipulate to late discovery and have the court approve said stipulation, or (ii) seek leave of court to

8

conduct late discovery; second, serve the discovery requests. But, in this case, Lloyd's did not seek leave of Court to conduct late discovery and Lloyd's did not attempt to serve its late discovery requests, so Lloyd's Motion to Compel is premature.

A motion to compel discovery may not be made until after the request for discovery has actually been served. *See Operative Plasterers' Cement Masons v. Benjamin*, 144 F.R.D. 87, 89-90 (N.D. Ind. 1992); *Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 125-26 (S.D. Ind. 2001). Here, however, Lloyd's never sought leave of court before seeking late discovery. *See* Fed. R. Civ. P. 16 and 29(b). More importantly, Lloyd's never properly served a notice of Rule 30(b)(6) deposition to Best Inn, so Lloyd's never made a valid discovery request to Best Inn. *See Benjamin*, 144 F.R.D. at 89-90 (finding notices of depositions that are "inconsistent with the procedure described in Rule 30(b)(6)" as "defective" and granting a protective order with respect to the defective notice of deposition.); *Hooker*, 204 F.R.D. at 125-26. Without a proper discovery request served upon Best Inn, Best Inn does not have any discovery requests from Lloyd's to which Best Inn is required to respond, and Lloyd's therefore does not have any outstanding discovery requests to Best Inn to compel.[3] Because Lloyd's did not seek leave of Court to conduct late discovery and Lloyd's did not attempt to serve its late discovery requests, Lloyd's Motion to Compel is premature and should be denied. There is nothing to compel here.

---

[3] *See infra* Section I.B.

**B.      Lloyd's Motion to Compel is Not Necessary: Best Inn Informed Lloyd's that Best Inn Would Sit for a Properly Noticed Rule 30(b)(6) Deposition and Attempted to Inform Lloyd's as to the Proper Procedure for Seeking a Late Deposition.**

Lloyd's argues "Plaintiff should not be allowed to unilaterally condition its participation in the Defendant's Rule 30(b)(6) deposition upon Plaintiff taking its desired discovery."[4] But this is not an accurate accounting of the situation.

As mentioned above, Lloyd's never properly served Best Inn with any discovery requests, so there are no outstanding discovery requests to which Best Inn is currently required to respond. *See Benjamin*, 144 F.R.D. at 89-90. In other words, there is nothing for Lloyd's to compel here. *See id*. Best Inn never failed to respond to a discovery requests; Best Inn never failed to sit for a deposition; and Best Inn never refused to sit for a deposition. (*Id*.) In fact, shortly before Lloyd's filed this Motion to Compel, Best Inn confirmed to Lloyd's that Best Inn would not oppose a properly noticed deposition.[5] Best Inn assured Lloyd's that Best Inn would never risk sanctions by failing to appear at a properly noticed deposition, and urged Lloyd's to proceed with any late discovery to which Lloyd's felt it was entitled. (*See id*.).

While Best Inn indicated it would not oppose Lloyd's late discovery due to the Court's recent guidance in the Telephonic Discovery Conference, Best Inn indicated it would not proactively "support [Lloyd's] late discovery by giving [Lloyd's] written

---

[4] (*See* Lloyd's Memo. in Support of its Motion to Compel, at 6 (ECF No. 64)).

[5] (*See* Ex. N, Best Inn Email to Lloyd's Regarding Non-Opposition to Notice of Deposition and Premature Motion to Compel (12 October 2023).

permission to conduct late discovery," especially when Lloyd's refused to agree to the same thing for Best Inn. (*See id*.).[6] That said, Best Inn attempted to urge Lloyd's in the proper direction by informing Lloyd's as to the proper procedure to seek a late deposition.[7] But Lloyd's filed this Motion to Compel instead.

## C.      Lloyd's Motion to Compel is Not Warranted: Best Inn is Not Refusing to Designate a Person to Testify on its Behalf.

Lloyd's primary reason for filing this Motion to Compel is that Best Inn failed to designate a Rule 30(b)(6) corporate representative to testify on behalf of Best Inn. (*See* Lloyd's Memo. in Supp. of Mo. to Compel, at 1 (stating Lloyd's submits its Motion to Compel Best Inn "to designate one or more people to testify on its behalf on the topics in Defendant's Notice of Rule 30(b)(6) Deposition.")). But Lloyd's Lloyd's never even served Best Inn with a proper notice of Rule 30(b)(6) deposition.

### 1. Lloyd's Did Not Serve a Proper Notice of Rule 30(b)(6) Deposition nor Requested Best Inn Designate a Corporate Representative.

After an entity deponent receives a Rule 30(b)(6) deposition notice, the named entity must designate a person to testify about each of the topics the deposing party identifies in the deposition notice. *See* Fed. R. Civ. P. 30(b)(6); *Boston Scientific Corporation v. Cook Group Incorporated*, 2021 WL 6125764, *2–4* (S.D. Ind. 2021);

---

[6] Lloyd's did not consult with Best Inn or seek Best Inn's written consent before Lloyd's attempted to serve its first Notice of Rule 30(b)(6) Deposition on 13 September 2023. (*See* Ex. A, McKay Decl.).

[7] *See infra* ARGUMENTS, Section I.D.

*Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 125-26 (S.D. Ind. 2001).[8] In other words, serving a notice of Rule 30(b)(6) deposition to a party is exactly what triggers that party's duty to designate a Rule 30(b)(6) designee. *See* Fed. R. Civ. P. 30(b)(6); *Hooker*, 204 F.R.D. at 125-26; *Benjamin*, 144 F.R.D. at 89-90. Without serving a notice, there is no duty to designate.

In the case at hand, Lloyd's did not serve Best Inn with a proper notice of a Rule 30(b)(6) deposition, therefore, there was no obligation for Best Inn to designate a corporate representative. *See Hooker*, 204 F.R.D. at 125-26; *Benjamin*, 144 F.R.D. at 89-90. Lloyd's first served Best Inn with its Notice of Rule 30(b)(6) Deposition on 13 September 2023, which Best Inn informed it would object to as, among other things, untimely. Consequently, Lloyd's did not carry out its untimely, last-minute deposition of Best Inn. (*See* Ex. F, Lloyd's Email to Best Inn Serving Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)). Lloyd's has not served any other notice of Rule 30(b)(6) deposition to Best Inn since 13 September 2023. (*See* Ex. A, McKay Decl.). Because Lloyd's never carried out its late-minute deposition of Best Inn, its Sept. 13 outdated Notice is no longer valid and Lloyd's is required to serve an amended notice of deposition on Best Inn. *See Hooker*, 204 F.R.D. at 125-27; *Benjamin*, 144 F.R.D. at 89-90. This means there is no current outstanding discovery requests at issue from Lloyd's. *See id*. Put differently, since Lloyd's did not serve a Rule 30(b)(6) deposition notice to Best Inn, Lloyd's never officially requested Best Inn designate a corporate

---

[8] *See also Operative Plasterers' Cement Masons v. Benjamin*, 144 F.R.D. 87, 89 (N.D. Ind. 1992) (noting that after the deposing party serves a proper notice of deposition describing the subject of the deposition, "the organization is then required to select and produce the persons who will testify on its behalf.")

12

representative under Rule 30(b)(6). *See id*. In fact, Lloyd's never even asked about Best Inn's designated corporate representative, as Best Inn's single-member, Mr. Reddy, has been Best Inn's corporate designee from the beginning. Requiring Lloyd's to follow the proper procedures is crucial, not only for saving time and resources, but also for allowing both parties to assert and preserve their respective rights according to the rules.[9]

### 2. Mr. Reddy has Been Best Inn's Rule 30(b)(6) Corporate Representative Since the Beginning.

While Best Inn does not technically have a duty to designate a Rule 30(b)(6) corporate representative until Lloyd's serves it a proper notice of Rule 30(b)(6) deposition, Best Inn designated Mr. Reddy as its corporate representative since the first time depositions were discussed. (*See* Ex. A, McKay Decl.). Both parties have understood Mr. Reddy has been Best Inn's designated representative in every single relevant discussion since the first relevant discussion. The following instances show both parties have clearly and unequivocally understood that Best Inn designated Mr. Reddy as its corporate representative to testify on its behalf at depositions from the beginning:

- On 05 August 2023, Lloyd's canceled its previously scheduled deposition of Best Inn with less than five days notice. (*See* Ex. C, Email From Lloyd's to Best Inn Rescheduling Lloyd's Deposition of Best Inn (05 August 2023)). Because Lloyd's Rule 30(b)(6) deposition of Best Inn was scheduled and set to proceed before it was canceled last minute by Lloyd's, Lloyd's clearly understood that Best Inn had

---

[9] For example, by prematurely filing this Motion to Compel rather than first serving a proper notice of deposition, Lloyd's is depriving Best Inn of its ability to file objections, seek a protective order, or file a motion to quash, among other things.

already designated Mr. Reddy as its Rule 30(b)(6) corporate representative to testify on behalf of Best Inn. (*See id*.; *see also* Ex. A, McKay Decl.).

- Lloyd's clearly assumed Mr. Reddy was Best Inn's corporate representative when Lloyd's attempted to serve its untimely Notice of Rule 30(b)(6) Deposition to Best Inn on 13 September 2023, scheduling a late minute deposition five days before the close of discovery. (*See* Ex. G, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)).

- Lloyd's seemed to know that Mr. Reddy was still Best Inn's designated representative during its recent meet-and-confer discussions with Best Inn. For example, on 04 October 2023, Lloyd's emailed Best Inn, requesting "[p]lease confirm where *Mr. Reddy would prefer to sit for Defendant's Rule 30(b)(6) deposition of Plaintiff [Best Inn]*," and suggested multiple potential dates for Lloyd's late deposition in the last two weeks of October. (*See* Ex. L, Emails Between Best Inn and Lloyd's Regarding Late Discovery (4-11 October 2023)). The next day, 05 October 2023, Best Inn confirmed Lloyd's assumptions that Mr. Reddy was still Best Inn's designated corporate representative, replying "Mr. Reddy is willing to agree to a late deposition (if he agrees, he will like the 23rd and 24th dates) if Lloyd's is willing to agree to a late second deposition as well, meaning neither party needs to file motions to extend, compel, quash, or for a protective order (if we agree)."

(*See id*.). And Lloyd's counsel's objections to Best Inn's attempts to stipulate to an agreement regarding the parties' late discovery requests, again, shows Lloyd's counsel considered Mr. Reddy as Best Inn's designated corporate representative. (*See id*.).

Lloyd's was clearly aware that Mr. Reddy has been Best Inn's designated Rule 30(b)(6) representative throughout this litigation. (*See* Ex. A, McKay Decl.). Lloyd's failure to serve Best Inn a proper notice of deposition and Lloyd's complete absence in ever inquiring about Best Inn's designated representative further demonstrate all parties knew Mr. Reddy was Best Inn's designated Rule 30(b)(6) corporate representative at all relevant times. (*See id*.).

14

This is important because Lloyd's Motion to Compel is premised on Lloyd's false allegation that Best Inn refused to designate a Rule 30(b)(6) corporate representative. (*See* Lloyd's Memo. in Support of Mo. to Compel, 1 (stating Lloyd's submits its Motion to Compel Best Inn "to designate one or more people to testify on its behalf on the topics in Defendant's Notice of Rule 30(b)(6) Deposition.")). This simply never happened. (*See* Ex. A, McKay Decl.). Lloyd's never filed a proper notice of deposition and never inquired about Best Inn's corporate designee; and Lloyd's has not offered any evidence showing otherwise. (*See id.*). Lloyd's resorting to a false allegation to premise its Motion to Compel on also further shows Lloyd's knew that its Motion to Compel was premature and unnecessary, yet decided to proceed with the motion despite knowing it was not needed. (*Id.*). Because Lloyd's Motion to Compel is premised on Lloyd's false allegation that Best Inn refused Lloyd's request to designate a corporate designee under Rule 30(b)(6), Lloyd's filed this Motion without any good cause and without any justifiable reason and, therefore, Lloyd's Motion should be denied.

**D.     Best Inn Tried to Guide Lloyd's as to the Proper Procedure for  Seeking a Late Deposition without a Stipulation, but Lloyd's Filed this Motion to Compel Instead.**

Best Inn attempted to inform Lloyd's that its Motion to Compel was premature and not necessary, even informing Lloyd's of the proper procedure to seek a late deposition of Best Inn. (*See* Ex. M, Best Inn Email to Lloyd's Regarding Non-Opposition to Notice of Deposition and Premature Motion to Compel (12 October 2023)). Without giving explicit written permission for Lloyd's to conduct late discovery (and thereby

giving up all related rights), Best Inn tried to point Lloyd's in the right direction that would lead Lloyd's to the late discovery it sought. (*See id*.). Furthermore, Best Inn indicated it would not oppose a late deposition, suggested dates Mr. Reddy was available, and both parties have confirmed numerous times that Mr. Reddy prefers the deposition take place in Washington DC. (*See id*.). Lloyd's had all the information it needed to serve Best Inn a proper notice of Rule 30(b)(6) deposition and to seek leave from the Court to conduct the deposition after the discovery deadline. (*See id*.). Best Inn never refused to be deposed, never failed to respond to any discovery request, never failed to attend a deposition, never filed for a protective order, and did not do one single thing to oppose or delay Lloyd's discovery. (*See id*.; *see also* Ex. A, McKay Decl.).

Simply put, Lloyd's did not have any outstanding discovery requests that were ripe to compel. This Motion to Compel was not needed. But rather than follow the proper steps to seek late discovery, Lloyd's prematurely filed this unnecessary Motion to Compel.

## II.   LLOYD'S FAILED TO SHOW GOOD CAUSE AS TO WHY IT IS ENTITLED TO CONDUCT LATE DISCOVERY.

Not only is this Motion premature and unnecessary, it is not founded upon any good cause, as the good cause Lloyd's originally proffered—i.e., a properly served notice of deposition and continual discussions concerning said deposition— was premised on an inaccurate material fact. Lloyd's misinformed the Court concerning the date it served its notice of deposition to Best Inn, misleading the Court into believing Lloyd's

filed a proper notice of deposition. As discussed above in Section I, however, Lloyd's actually filed an untimely notice of deposition to schedule a last-minute deposition right before the discovery deadline, which Best Inn opposed as unreasonable and untimely. Because the Court's indication that it would find good cause to and would rule to allow Lloyd's late deposition to proceed was primarily based on the Court's misinformed belief that Lloyd's had diligently pursued said deposition before the discovery deadline, the Court should reevaluate Lloyd's "good cause" for its late discovery. Because the only good cause Lloyd's asserted was based on a material misrepresentation to the Court, Lloyd's Motion to Compel should be denied for lack of good cause.

**A.     The Court's Indication that it Would Rule to Allow Lloyd's to Conduct a Late Deposition was Premised on False and Misleading Allegations by Lloyd's.**

Lloyd's argues that it is entitled to an untimely deposition of Best Inn because the Court indicated that it would rule in favor of Lloyd's late deposition of Best Inn at the Telephonic Discovery Conference. Lloyd's allegations, however, are misleading and exaggerated at best.

Lloyd's misinformed to the Court that Lloyd's served its notice of deposition to Best Inn on 11 September 2023–exactly 14 days before the discovery deadline. (*See* Ex. K, Joint Letter to Court Regarding Discovery Disputes (02 October 2023)). And Lloyd's used this inaccurate fact as its primary argument in favor of Lloyd's seeking late discovery. (*See id.*). More specifically, in the Joint Letter to the Court, Lloyd's asserted

that "[Lloyd's] served its Notice on Best Inn on September 11, 2023. . . . [and] [b]ecause the parties had long discussed . . . [Lloyd's] Deposition of Best Inn, [Lloyd's] labored under the impression that service of the notice 14 days before the close of discovery sufficient." (*Id*. at 2-3.). Along the same lines, Lloyd's further argues that "good cause exists such that this deposition should be completed" because "Defendant served its Rule 30(b)(6) Notice and sought to take the deposition *before* the close of discovery following months of scheduling discussions." (*See* Lloyd's Memo. in Support of its Motion to Compel, at 5 (ECF No. 64) (emphasis in original)).

But Lloyd's did not serve its Notice on Sept. 11th; Lloyd's actually served its untimely notice of deposition on September 13th–less than 14 days before the discovery deadline—and Lloyd's scheduled its last-minute deposition of Best Inn for six days later on September 20th, less than five days before the close of discovery. (*See* Ex. G, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)). This two-day error —i.e., Lloyd's filing on Sept. 13th rather than Sept. 11th—is convenient for Lloyd's, as two extra days added to its date of Notice thrusts Lloyd's untimely, defective Notice back into the realm of timeliness. *See* Fed. R. Civ. P. 30(b)(6); *See* Fed. R. Civ. P. 32(a) (5)(A); *Hooker*, 204 F.R.D. at 125-26. Because Lloyd's Sept. 13 Notice was served on Best Inn less than 14 days before the discovery deadline and because it scheduled a last-minute deposition only a few days before the close of discovery, Lloyd's Notice was improper, untimely, and effectively defective. *See id; see also Benjamin*, 144 F.R.D. at 89-90 (stating a notice of deposition that is inconsistent with Fed. R. Civ. P. 30(b)(6) is

defective).  By pushing its date of service back by two days to Sept. 11th, however, Lloyd's was able to make the argument that, among, other things, "[Lloyd's] labored under the impression that service of the notice 14 days before the close of discovery sufficient."[10]

Along the same lines, Lloyd's is exaggerating the number of times Lloyd's and Best Inn discussed Lloyd's proposed deposition of Best Inn. (*See* Ex. A, McKay Decl.). Lloyd's proposed deposition of Best Inn was mentioned 3-4 times, at most. (*Id*.). Because the Court's indication that Lloyd's late deposition should proceed was based on the Court falsely believing that Lloyd's served a proper, timely Notice to Lloyd's, there is no longer good cause on which to justify Lloyd's late discovery.

### 1. Lloyd's Misinformed the Court that it Properly Served its Notice of Deposition on Best Inn Two Weeks Before the Discovery Deadline.

Lloyd's did not submit an accurate account of the facts in the Joint Letter to the Court Regarding Discovery Disputes to be Discussed at the Telephonic Discovery Conference on 04 October 2023. (*See* Ex. K, Joint Letter to the Court Regarding Discovery Disputes (02 October 2023)). Most importantly, Lloyd's claimed it "served its Notice on Best Inn on September 11, 2023." (*Id*.). But that is false.

Lloyd's actually served its first Notice of Rule 30(b)(6) Deposition to Best Inn on 13 September 2023. This two-day difference is important because, if Lloyd's served its

_____
[10] (*See* Ex. K, Joint Letter to Court Regarding Discovery Disputes (02 October 2023)).

Notice on Sept. 11th, the two extra days conveniently puts Lloyd's within 14-day's of the discovery deadline and within the 14-day notice period required by Fed. R. Civ. P. 32(a)(5)(A) and Local Rule 30-1(d), meaning Lloyd's technically filed its Notice within the time allowed by the rules. *See* Fed. R. Civ. P. 32(a)(5)(A) (prohibiting using a deposition noticed less than 14 days before the deposition if the deponent files a protective order); *see also* Local Rule 30-1(d) (stating "no deposition will be scheduled on less than 14 days notice"). But Lloyd's actually served its Notice of Rule 30(b)(6) Deposition to Best Inn on 13 September 2023, which is less than 14-days before the discovery deadline and in violation of the requirement for a 14-day notice period under Fed. R. Civ. P. 32(a)(5)(A) and Local Rule 30-1(d). Put differently, Lloyd's serving its Notice on Sept. 11th means it was served within 14-days of the discovery deadline and, therefore, it was proper and timely; but Lloyd's serving its Notice on Sept. 13th means Lloyd's Notice was served with less than 14 days before the close of discovery and, therefore, such Notice was improper, untimely served, and defective. *See Operative Plasterers' Cement Masons v. Benjamin*, 144 F.R.D. 87, 89-90 (N.D. Ind. 1992) (finding notices of depositions that are "inconsistent with the procedure described in Rule 30(b)(6)" as "defective" and granting a protective order with respect to the defective notice of deposition.).

Lloyd's inaccurate allegation is important Lloyd's primary argument in favor of allowing Lloyd's to conduct late discovery is based on this two-day error.[11]   In its Joint Letter to the Judge explaining the discovery disputes, Lloyd's used this exact two-day

---

[11] (*See* Ex. K, Joint Letter to the Court Regarding Discovery Disputes (02 October 2023)).

error to argue that Lloyd's "labored under the impression that service of the notice 14 days before the close of discovery sufficient." (*See id*.).

What's even more important, if Lloyd's had admitted it had served an improper, untimely notice of deposition, unreasonably scheduling a short-noticed, last-minute deposition that Best Inn to which Best Inn objected and opposed, the Court may not have found that serving such untimely notice scheduling the last-minute opposition constituted good cause to conduct late discovery. In other words, the Court's indication that it would allow Lloyd's late discovery was based on Lloyd's convenient two-day error. Regarding Lloyd's late Rule 30(b)(6) deposition of Best Inn, the Court stated "this should proceed, given that counsel for both Parties discussed the need for it all summer and Underwriter's [Lloyd's] *served a subpoena ahead of the discovery deadline*." (*See id*. (emphasis added)). Put differently, the Court's indication that it would allow Lloyd's to conduct a late deposition of Best Inn was primarily based on the Court assuming Lloyd's served a valid subpoena, i.e., a valid notice of deposition, on Best Inn before the discovery deadline. (*See id*.). But Lloyd's served its notice of deposition with less than 14 days left before the discovery deadline and with the last week of discovery already fully scheduled, meaning, Best Inn could have filed a protective order to prevent Lloyd's from later using the deposition. *See* Fed. R. Civ. P. 32(a)(5)(A). That is why Lloyd's elected to seek late discovery—i.e., Lloyd's knew it would not be able to use its untimely Noticed, last-minute deposition of Best Inn, and Lloyd's knew that Best Inn was also seeking

late discovery, so Lloyd's elected to pursue late discovery instead, which would guarantee Lloyd's was able to use its deposition.

Lloyd's misunderstands the importance of the motion for protective and motion to quash that Best Inn would have filed against Lloyd's untimely, last-minute deposition.[12] Best Inn had every intention of filing the appropriate motions to "govern," i.e., restrict, Lloyd's "*use*" of its deposition taken on less than 14 days' notice. But Lloyd's employed a clever procedural hack: By delaying its deposition to after the discovery deadline, Lloyd's was able to avoid Best Inn's motions for a protective order and to quash Lloyd's deposition that would have limited Lloyd's use of said deposition. *See* Fed. R. Civ. P. 32(a)(5)(A) and 30(b)(6); Local Rule 30-1(d). Now Lloyd's is attempting to request late discovery that will be unrestricted, meaning Lloyd's would effectively be rewarded for conducting late discovery.[13]

### 2. Lloyd's Was Aware of the Significance of its Two-Day Error.

Considering how important the 14-day notice period in relation to the discovery deadline was here to Lloyd's, Lloyd's was likely well aware that filing its notice on the 13th with less than 14 days before the discovery deadline was a material fact that

---

[12] In it's Motion to Compel, Lloyd's argues "Plaintiff's reliance on Federal Rule of Civil Procedure 32(a)(5)(A) is misplaced as that rule governs the taking party's use of deposition taken on less than 14 days' notice where the other party "promptly moved for a protective order." If anything, this rule supports the proposition that depositions may take place on less than 14 days' notice." (*See* Lloyd's Memo. in Supp. of Mo. to Compel, at 3 fn.5 (ECF No. 64)).

[13] It is also important to note the significant advantage bestowed upon Lloyd's by allowing it to conduct a late deposition of the Plaintiff in this case, after all other facts are already disclosed, after Best Inn already submitted its statement of claims and defenses, and after Best Inn has already disclosed its settlement demands to Lloyd's.

would hurt its attempts at seeking a late deposition. *See* Fed. R. Civ. P. 32(a)(5)(A) and

30(b)(6); Local Rule 30-1(d).  When Lloyd's first served it Notice of Rule 30(b)(6)

Deposition on Best Inn, Best Inn promptly objected and later informed Lloyd's that Fed.

R. Civ. P. 32(a)(5)(A) and Local Rule 30-1(d) required 14-days notice and that Best Inn

would file a motion for a protective order to prevent Lloyd's from later using the

deposition as evidence and it would file a motion to quash the notice of deposition as

outside the reasonable notice period. Consequently, Lloyd's decided to not hold its

deposition of Best Inn scheduled for 20 September 2023. (*See* Ex. A, McKay Decl.). By

this point, since the discovery deadline was occurring in less than 14 days, Lloyd's was

out of time to depose Best Inn, as Best Inn would simply file a protective order and

motion to quash any last-minute attempts at a deposition by Lloyd's. (*See id*.).

Discovery was over. (*See id*.). Thus, Lloyd's was well aware that the 14-day notice

period was significant and that it failed to serve its notice of deposition on Best Inn.

    Lloyd's was well aware that its untimely Notice scheduling a last minute

deposition to Best Inn was unreasonable, untimely, and was likely to be unusable based

on Best Inn's promised motions for a protective order and to quash. (*See id*.). This 14-

day period would have been quite significant to Lloyd's and Lloyd's likely had a

heightened awareness of that final 14 days before the close of discovery and how it was

affected by that 14 days. (*See id*.). To be clearly aware of the significance of the 14-day

notice period preventing last minute depositions due to missing said deadline, and then

to conveniently state the wrong date to the Court that puts Lloyd's outside that 14 day

notice period seems to indicate Lloyd's knew exactly what it was doing in stating the wrong to the Court. (*See id*.). Lloyd's knew that its ability to conduct late discovery would largely be based on whether it was diligent in pursuing its deposition before the discovery deadline. (*See id*.). Lloyd's even mentioned the significance of the various discovery dates in discussing the proposed Joint Letter with Best Inn.[14] That said, whether Lloyd's false allegation was intentional or a mistake, the outcome is the same for purposes of this Motion—i.e., because Lloyd's failed to serve a proper, timely notice of deposition on Best Inn, this Motion to Compel is not necessary and should be denied.

### 3. Lloyd's is Exaggerating the Amount of Times it Discussed its Proposed Deposition of Best Inn with Best Inn.

The Court indicated it would allow Lloyd's to take a late Rule 30(b)(6) deposition of Best Inn partially based on the fact "that counsel for both Parties discussed the need for [Lloyd's deposition of Best Inn] all summer and Underwriters served a subpoena ahead of the discovery deadline." As discussed above in Section II.A.1-2, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn was untimely, improper, and defective in noticing and scheduling a last-minute deposition of Best Inn. And Lloyd's allegations that it discussed its proposed deposition of Best Inn all summer long is exaggerated and misleading.

---

[14] (*See* Ex. J, Emails Between Best Inn and Lloyd's Regarding Joint Letter to the Court on Discovery Disputes for Discovery Conference (02 October 2023) (stating "it might make sense to include the date we each served the desired discovery as I expect the court will want to know that in determining whether good cause exists to extend the discovery deadline.")).

Lloyd's and Best Inn only discussed Lloyd's proposed Rule 30(b)(6) deposition of Best Inn three times before Lloyd's served its defective Notice of Rule 30(b)(6) Deposition to Best Inn on 13 September 2023:

(1) 17-18 July 2023 when both parties agreed to reschedule Lloyd's proposed Rule 30(b)(6) deposition of Best Inn to 09 August 2023;

(2) on 05 August 2023 when Lloyd's canceled its scheduled Rule 30(b)(6) deposition last minute after Best Inn had already spent money on travel arrangements; and

(3) on 13 September 2023 when Lloyd's attempted to serve its defective Notice of Rule 30(b)(6) Deposition to Best Inn attempting to schedule a last-minute deposition of Best Inn.

It is important to note, contrary to Lloyd's counsel's allegation, Lloyd's proposed deposition of Best Inn was *not* discussed on August 29 or 30th.[15] In making small talk after Best Inn's deposition of National General on 30 August 2023, Lloyd's counsel did ask Mr. Reddy where he was based out of; and Mr. Reddy responded that he flew out of Washington State to Arizona to attend National General's deposition. (*See* Ex. A, McKay Decl.). But this was simply small talk—there was not one single mention of Lloyd's proposed Rule 30(b)(6) deposition of Best Inn on either August 29th or August 30th.[16] Because Lloyd's alleged "good cause" in favor of granting its Motion to Compel is founded upon inaccurate and exaggerated, unfounded claims, Lloyd's alleged "good cause" does not justify Lloyd's seeking a late Rule 30(b)(6) deposition of Best Inn.

---

[15] Best Inn's counsel recorded the entire time at both the August 29th and 30th deposition and there is not one single mention of Lloyd's proposed deposition of Best Inn. (*See* Ex. A, McKay Decl.).

[16] If Lloyd's is confident in its assertion, Lloyd's should specify the date and time that the deposition was discussed, as both days were fully recorded by Best Inn's counsel and the court reporter.

**B.     Lloyd's Failed to Assert Any Valid Good Cause Justifying its Untimely Discovery Request.**

Considering the primary good cause cited was based on a materially false fact—that Lloyd's served a timely, proper notice of Rule 30(b)(6) deposition before the discovery deadline—and considering that false fact was the only reason that Lloyd's offered to attempt to show good cause, Lloyd's has failed to offer any good cause for needing to conduct late discovery. Lloyd's does not have a good reason for its discovery being late; Lloyd's was simply not diligent in pursuing its discovery.

Lloyd's should not be awarded for its lack of diligence in pursuing its discovery. Lloyd's has had ample time and opportunity to conduct its deposition of Best Inn. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii). The discovery deadline has passed. *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 531 (N.D. Ill. 2005). Lloyd's could have served its Notice any time in "August or early September," as it informed Best Inn it would. (*See* Ex. C, Email From Lloyd's to Best Inn Rescheduling Lloyd's Deposition of Best Inn (05 August 2023)). Instead, Lloyd's did not mention its deposition of Best Inn for over a month and failed to serve its notice of deposition until it was too late. More importantly, Lloyd's did not even offer any reason, much less a good reason, to support its argument to seek untimely discovery.

Lloyd's repeatedly failed here in pursuing a deposition of Best Inn. Lloyd's already canceled its previously scheduled deposition of Best Inn on short-notice, costing Best Inn to suffer damages from making travel arrangements and to lose time

preparing for the deposition the weekend beforehand. (*See* Ex. C, Email From Lloyd's to Best Inn Rescheduling Lloyd's Deposition of Best Inn (05 August 2023)). Then Lloyd's did not speak of its deposition of Best Inn for over a month, despite assuring Best Inn that it would reschedule its deposition "currently scheduled for Wednesday to a date later this month or early September." (*Id*.). Lloyd's finally served its Notice of Rule 30(b)(6) Deposition to Best Inn with less than 14 days before the discovery deadline and scheduled its deposition of Best Inn for five days before the discovery deadline. (*See* Ex. G, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)).

Furthermore, Lloyd's failure to provide a Rule 30(b)(6) a proper, timely deposition notice falls short of the required standard of diligence. With less than 14 days before the close of discovery, Lloyd's finally served its Notice of Rule 30(b)(6) Deposition to Best Inn, unreasonably scheduling its deposition of Best Inn with less than six days notice to prepare and, more importantly, only a few days before the discovery deadline. (*See* Ex. A., McKay Decl.). Best Inn informed Lloyd's it would file motions to quash and for a protective order, which forced Lloyd's to abandon its untimely notice of deposition and to seek the Court's permission to conduct an untimely deposition of Best Inn instead. (*Id*.).

## III.   BEST INN SHOULD NOT BE FURTHER PENALIZED DUE TO LLOYD'S LACK OF DILIGENCE.

Best Inn should not be further penalized because of Lloyd's lack of diligence. Lloyd's waited until the very end of discovery to schedule a 30(b)(6) of a primary party

in this lawsuit. Lloyd's lack of diligence and resulting subsequent conduct in sabotaging two of Best Inn's opportunities to collect facts from key witnesses caused Best Inn to suffer significant prejudice and damages. Best Inn should not be further penalized for Lloyd's lack of diligence in pursuing discovery.

### A.    Lloyd's Acted with Bad Form in Attempting to Build Leverage to Bolster its Arguments for Seeking the Late Deposition of Best Inn.

After Lloyd's lack of diligence resulted in Lloyd's forgetting to take a key deposition in this case, Lloyd's went on the offensive, employing a series of tactics to attempt to bolster its anticipated arguments in favor of allowing Lloyd's to seek a late deposition of Best Inn. Lloyd's misconduct includes, without limitation, the following:

- Lloyd's appointing an uninformed, unprepared corporate representative to testify on its behalf at Best Inn's Rule 30(b)(6) deposition of Lloyd's;

- Lloyd's advising third-party witness Ms. Columbia that Best Inn's subpoena was not valid and that Ms. Columbia did not have to respond to Best Inn or attend its deposition;

- Lloyd's misinforming the Court that it did not have prior knowledge of Dr. Wish's need to leave his deposition at 3:30 p.m. before the deposition started, whereas Dr. Wish stated that, before his deposition ever began, Lloyd's counsel was well aware that Dr. Wish was leaving at 3:30 p.m.;

- Lloyd's giving Best Inn 36 minutes to review the proposed Joint Letter before the deadline, allowing Lloyd's to sneak in an inaccurate fact that was material to the Court indicating it would rule in favor of approving Lloyd's request to seek a late discovery;

- Lloyd's providing the wrong date in the Joint Letter to the Court regarding issues to discuss at the Telephonic Discovery Conference, which was the material fact that the Court cited for its indication that it would rule in favor of allowing Lloyd's to conduct the late deposition; and

- Lloyd's filing this Motion to Compel premised on Best Inn's alleged refusal to designate a Rule 30(b)(6) corporate representative, knowing it had not served a notice of deposition to Best Inn and knowing Mr. Reddy was Best Inn's designated corporate representative.

Two particularly egregious actions by Lloyd's are important to note—namely, Lloyd's sabotaging various depositions in an attempt to build leverage to bolster its arguments to seek the late deposition of Best Inn.

### 1. Lloyd's Sabotaged Best Inn's Deposition of Non-Party Witness Kathryn Columbia to Retaliate Against Best Inn Blocking Lloyd's Rule 30(b)(6) Deposition of Best Inn and to Gain Leverage for Seeking a Late Deposition of Best Inn.

After learning that Best Inn was opposing Lloyd's attempts to take a last minute deposition, Lloyd's retaliated by sabotaging Best Inn's upcoming deposition of non-party witness Kathryn Columbia.

Best Inn was in continual contact with Ms. Columbia and had warmed her up to the idea of being deposed with Best Inn promising to make it as convenient and quick as possible for Ms. Columbia.[17] (*See* Ex. A, Mckay Decl.). Two days before Lloyd's counsel sabotaged Best Inn's relations with Ms. Columbia, Best Inn talked with Ms. Columbia and Ms. Columbia was very agreeable to being deposed. (*See id.*). Ms. Columbia even advised Best Inn's counsel that he had her address wrong in the

---

[17] Admittedly, Best Inn had a hard time serving a subpoena on Ms. Columbia. (*See* Ex. A, Mckay Decl.). While Best Inn communicated with Ms. Columbia multiple times regarding her deposition, Best Inn was never able to confirm an address for Ms. Columbia—who warned Best Inn that her address was very difficult to find—so Best Inn attempted to serve Ms. Columbia at her work via mail and an in-person process server, but Ms. Columbia works remotely from home, so Best Inn was not able to personally serve Ms. Columbia. (*Id.*).

subpoena and informed him she actually lived in Melbourne, Florida. (*See id.*).

Ms. Columbia verbally consented to being deposed in Melbourne, Florida and even

recommended a hotel room to book that was located near Ms. Columbia's residence. (*See id.*). Based on Ms. Columbia's confirmation, positive reply, and recommendations, Best

Inn booked travel arrangements to Ms. Columbia's town and scheduled all

arrangements for the deposition. Ms. Columbia also verbally agreed to be served by

email and even provided Best Inn's counsel with her email address, so he could serve

Ms. Columbia with the Amended Subpoena and send her the relevant information. Best

Inn emailed Ms. Columbia the amended subpoena, but never heard from Ms. Columbia

again.

Two days after Best Inn last communicated with Ms. Columbia and confirmed

arrangements for her upcoming deposition, Lloyd's counsel advised Ms. Columbia that

she was not required to attend the deposition. (*See* Ex. I, Emails Between Lloyd's

Counsel and Best Inn Counsel Regarding Kathryn Columbia Deposition.). After Lloyd's

counsel contacted Ms. Columbia, Ms. Columbia never responded to Best Inn's counsel

again. (*See* Ex. A, McKay Decl.). More specifically, Lloyd's counsel contacted

Ms. Columbia[18] two nights before Best Inn's scheduled deposition of Ms. Columbia,

advising Ms. Columbia that Best Inn's subpoena was not valid and that Ms. Columbia

was not obligated to attend her scheduled deposition. (*See* Ex. I, Emails Between

Lloyd's Counsel and Best Inn Counsel Regarding Kathryn Columbia Deposition.).

---

[18] While Ms. Columbia currently works for a law firm, she worked for National General as a SIU ("Special Investigative Unit") investigator and she investigated, among other things, Best Inn's Vandalism Claim.

Lloyd's counsel then emailed Best Inn with Ms. Columbia cc'd on the email, which Best

Inn was not aware of at the time, informing Best Inn that "[a]bsent Ms. Columbia's

consent, which she did not provide, email service of a subpoena is similarly invalid."

(*See id.*). Lloyd's counsel's email with Ms. Columbia cc'd, stated the following:

> While we do not currently represent Ms. Columbia, it has come to our
> attention that Ms. Columbia was not personally served with a copy of the
> subpoena as required under Rule 45. See Fed. R. Civ. P. 45(b)(1) ("Serving
> a subpoena requires delivering a copy to the named person and, if the
> subpoena requires that person's attendance, tendering the fees for 1 day's
> attendance and the mileage allowed by law."). Leaving a copy of the
> subpoena at her employer's office is not valid service under Rule 45(b)(1).
> Absent Ms. Columbia's consent, which she did not provide, email service of
> a subpoena is similarly invalid. . . . In light of the above, and absent proof
> of proper service under Rule 45 or the Court's authorization for alternative
> service, Ms. Columbia is not obligated to appear for a deposition on Friday
> and has informed me that she will not be appearing.

(*See id.*). Thus, Lloyd's counsel successfully contacted a non-party witness, provided

legal advice regarding the validity of Best Inn's subpoena to said non-party witness, and

informed the non-party witness that she was not obligated to attend the deposition.

### 2. Lloyd's Knew Dr. Wish Planned to Leave his Deposition Early, but Lloyd's Withheld Said Knowledge to Bolster its Own Arguments for Late Discovery—and Lloyd's Misinformed both Best Inn and the Court About Such Knowledge.

During Lloyd's deposition of Dr. Wish, Best Inn was not afforded an equitable

opportunity to cross-examine Dr. Wish. (*See* Ex. A, McKay Decl.). Unknown to Best Inn

beforehand—but evidently known to Lloyd's—Lloyd's deposition of Dr. Wish was

constrained to a strict two-and-one-half-hour timeframe with a hard requirement to end

at 3:30 p.m. Despite having knowledge of Dr. Wish's deadline beforehand, Lloyd's did

not give Best Inn any advance notice of said deadline. (*See id.*).[19] At 3:30 p.m., as

promised, Dr. Wish left the deposition, thereby preventing Best Inn from cross-

examining Dr. Wish. Lloyd's claimed it was also unaware of Dr. Wish's plans to leave

the deposition at 3:30 p.m., but, according to Dr. Wish, that is false. Lloyd's knew

Dr. Wish planned to leave his deposition early and Lloyd's intentionally withheld that

information from Best Inn, so that Best Inn would be forced to seek late discovery

thereby giving Lloyd's leverage to bolster its own arguments for late discovery.

### a. Lloyd's Intentionally Misinformed the Court When Lloyd's Claimed it Did Not Know About Dr. Wish's Plans to Leave His Deposition Early.

At the Telephonic Discovery Conference on 04 October 2023, Lloyd's counsel

explicitly told the Court that, before Dr. Wish's deposition, she did not have any prior

knowledge of Dr. Wish's plans to leave his deposition at 3:30 p.m. due to his prior

commitments to patients. (*See* Ex. A, McKay Decl.). According to Dr. Wish, however,

this is false. Dr. Wish claims that, prior to his actual deposition, he explicitly informed

Lloyd's that he had to leave his deposition at 3:30 p.m., stating "I [Dr. Wish] told the

other lawyer [for Lloyd's] in advance that I had to leave to work with patients at that

time."[20] Withholding crucial knowledge to intentionally mislead opposing counsel about

---

[19] Lloyd's deposition of Dr. Wish started at 1 p.m. and, throughout his deposition, Dr. Wish informed several times that he was leaving the deposition at 3:30 pm, as he had prior commitments. (*See id.*). And he did just that. (*Id.*).

[20] (*See* Ex. N, Emails Between Best Inn and Dr. Wish Regarding Depositions (16 October 2023)).

a deponent's plans to terminate his deposition early before the opposing counsel has a fair opportunity to cross-examine the deponent is frowned upon and bad form.

> **b. Lloyd's Withheld its Knowledge of Dr. Wish's Plans for an Early Deposition Departure to Force Best Inn to Seek Late Discovery, so that Lloyd's Could Bolster its Own Arguments for Late Deposition.**

Lloyd's knew of Dr. Wish's hard 3:30 p.m. deadline and intentionally withheld such information from Best Inn so that Best Inn would not be able to cross-examine Dr. Wish and, thus, would be forced to seek late discovery, so that Lloyd's could build leverage to bolster its arguments for a stipulation to its own late deposition of Best Inn.

## IV.   CONFERRING WITH LLOYD'S REQUIRES CAUTION.

Lloyd's argues "Plaintiff did not even attempt to adhere to the Court's guidance and Order with respect to obtain its own discovery." [21]

After the discovery conference, Lloyd's reached out to Best Inn, requesting Best Inn "confirm where Mr. Reddy would prefer to sit for Defendant's Rule 30(b)(6) deposition of Plaintiff" and inquiring at to dates whether Mr. Reddy was available to be deposed.[22] As Best Inn understood it, the Court did not make an official ruling on the discovery disputes, so Lloyd's and Best Inn needed to stipulate regarding their late discovery requests; then that stipulation to conduct late discovery must be filed and

---

[21] (*See* Lloyd's Memo. in Support of its Motion to Compel, at 6 (ECF No. 64) (citations omitted)).

[22] (*See* Ex. E, Emails Between Lloyd's and Best Inn Regarding Late Discovery (4-5 October 2023))

approved by the Court. (*See* Ex. A, McKay Decl.). Otherwise, without a mutual stipulation approved by the Court, each party would be forced to file a motion for leave to complete late discovery, serve the late discovery request, then, if necessary, file a motion to compel the late discovery request.

Since both Best Inn and Lloyd's needed late discovery and since the Court indicated requests from both parties would likely be approved if a motion were filed, Best Inn opined Lloyd's and Best Inn could possibly reach a mutual agreement to avoid the time and expense associated with motion practice. (*See* Ex. A, McKay Decl.). Best Inn therefore responded to Lloyd's with a counter-offer aimed at saving both parties the time and expense of filing motions for leave to conduct their respective late discovery. (*See id.*). Since the Court also indicated it would grant Best Inn leave to conduct its late cross-examination of Dr. Wish, Best Inn also requested that Lloyd's stipulate to allowing Best Inn's late deposition of Dr. Wish to avoid the hassle of filing a motion for leave to conduct late discovery. (*See id.*).

Lloyd's, however, disagreed, taking a much more narrow interpretation of the Court's guidance and instructions from the Telephonic Discovery Conference, opining "there is nothing to 'bargain' for."[23] According to Lloyd's, "[t]he Court's Order on this point it not contingent on Plaintiff being able to take any of its desired discovery." (*Id.*). Lloyd's then demanded Best Inn give written consent for Lloyd's to conduct discovery in less than 24 hours or otherwise Lloyd's threatened to file a motion to compel and to seek

---

[23] (*See* Ex. L, Emails Between Lloyd's and Best Inn Regarding Late Discovery (4-5 October 2023)).

sanctions. (*See id*.). Lloyd's completely rejected Best Inn's request to stipulate to allowing late discovery request. (*Id*.).

Lloyd's claims that Best Inn "ignored defense counsel's multiple invitations to meet and confer" fails to provide important context. Lloyd's is referring to a few days over a long, holiday weekend while Best Inn's counsel was visiting family in Pocahontas, Mississippi. (*See* Ex. A, McKay Decl.). At most, Best Inn failed to respond to Lloyd's for less than two business days. (*See id*.). Moreover, by this point, Lloyd's had already informed Best Inn it was moving to compel and moving for sanctions, so Best Inn assumed the meet-and-confer was over and that Lloyd's was moving forward. More specifically, on October 5th at 7:29 p.m., Lloyd's emailed Best Inn, demanding Best Inn give written consent for Lloyd's to conduct late discovery in less than 24 hours, or Lloyd's was filing a motion to compel and seeking sanctions against Best Inn.[24]  After Lloyd's self-imposed 5 p.m. deadline passed on October 5th, Best Inn assumed that Lloyd's was proceeding with its motion to compel and motion for sanctions against Best Inn and , thus, Best Inn assumed Lloyd's was ending the ongoing meet-and-confer regarding the discovery disputes. Consequently, Best Inn switched its focus to seeking leave of court to conduct late discovery and to its motion to compel. Since it was a long holiday weekend, Best Inn did not respond to Lloyd's email until the next business day, Tuesday, 10 October 2023. (*See id*.).

_____

[24] (*See* Ex. L, Emails Between Best Inn and Lloyd's Regarding Late Discovery (4-11 October 2023)).

Thus, Best Inn was non-responsive for, at most, a couple days over a long holiday weekend after Lloyd's had already promised to file motions to compel and motions for sanctions. Best Inn did not act in bad faith. Lloyd's imposing 24-hour deadlines and threatening various motions and sanctions if Best Inn does not immediately agree to what Lloyd's wants is not a proper meet-and-confer.

## V.    LLOYD'S SHOULD BE SANCTIONED TO DETER FUTURE PREMATURE, UNNECESSARY MOTIONS TO COMPEL.

Lloyd's cannot be allowed to skirt crucial procedural rules by filing premature and unnecessary motions. *See* Fed. R. Civ. P. 16 and 29(b). Lloyd's should be reasonably punished to deter similar misconduct in the future. Accordingly, Best Inn requests the Court deny Lloyd's Motion to Compel in full and issue an Order, ruling as follows: (1) that Lloyd's Motion to Compel a Late Deposition of Best Inn is denied in full because the Motion is premature, not necessary, and not based on good cause; (2) that Lloyd's must request leave of Court, demonstrating good cause as to why it is requesting late discovery; (3) if the Court finds Lloyd's does have good cause to conduct late discovery and grants Lloyd's leave to conduct late discovery, that Lloyd's must serve a proper, timely, valid notice of Rule 30(b)(6) deposition to Best Inn; (4) that Lloyd's pay the costs incurred by Best Inn related to Lloyd's unnecessary Motion to Compel, including, without limitation, the following: (a) the attorney's fees for related to hours responding to Lloyd's unnecessary Motion to Compel, including time spent preparing all related documents; and (b) pre-judgment and post-judgment interest on all amounts awarded,

calculated from the date of Lloyd's Motion to Compel was filed to the date of the Court's Order on the Motion, at the legal rate.

WHEREFORE, Plaintiff Best Inn respectfully requests this Court deny Defendant Lloyd's Motion to Compel Best Inn's Late Rule 30(b)(6) Deposition, because, among other things, it is premature, unnecessary, unwarranted, without good cause, and founded upon Lloyd's misconduct. Best Inn further prays for such other and further relief as the Court deems just and appropriate.

**Dated**: 17 October 2023

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
202.743.1972
casey@mclaw.io

*Attorney for Plaintiff Best Inn Midwest, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all pro se parties and counsel of record on 17 October 2023.

**Dated**: 17 October 2023

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
202.743.1972
casey@mclaw.io

*Attorney for Plaintiff Best Inn Midwest, LLC*

**EXHIBITS**

- Exhibit A, Declaration of Casey Scott McKay

- Exhibit B, Emails Between Best Inn and Lloyd's Regarding Deposition Scheduling (17 July 2023)

- Exhibit C, Email From Lloyd's to Best Inn Rescheduling Lloyd's Deposition of Best Inn (05 August 2023)

- Exhibit D, Best Inn's Third Amended Notice of Rule 30(b)(6) Deposition to Lloyd's

- Exhibit E, Lloyd's Response and Objections to Best Inn's Third Amended Notice of Rule 30(b)(6) Deposition to Lloyd's

- Exhibit F, Lloyd's Email to Best Inn Serving Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)

- Exhibit G, Lloyd's Notice of Rule 30(b)(6) Deposition to Best Inn (13 September 2023)

- Exhibit H, Best Inn's Discovery Deficiency Letter to Lloyd's (13 September 2023)

- Exhibit I, Emails Between Lloyd's Counsel and Best Inn Counsel Regarding Kathryn Columbia Deposition

- Exhibit J, Lloyd's Email to Best Inn Regarding Joint Letter to the Court on Discovery Disputes for Discovery Conference (02 October 2023)

- Exhibit K, Joint Letter to Court Regarding Discovery Disputes (02 October 2023)

- Exhibit L, Emails Between Best Inn and Lloyd's Regarding Late Discovery (4-11 October 2023)

- Exhibit M, Best Inn's Email to Lloyd's Regarding Non-Opposition to Notice of Deposition and Premature Motion to Compel (12 October 2023)

- Exhibit N, Emails Between Best Inn and Dr. Wish Regarding Depositions (16 October 2023)