# IN THE UNITED STATES DISTRICT COURT THE SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**BEST INN MIDWEST, LLC,**

    *Plaintiff,*

                                                                                  Case No: 1:22-cv-01586-RLY-KMB

    *v.*

**UNDERWRITER'S AT LLOYD'S, LONDON,**

    *Defendant.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## PLAINTIFF BEST INN'S RESPONSE TO LLOYD'S MOTION TO STRIKE

COMES NOW, Plaintiff Best Inn Midwest, LLC ("Best Inn"), by and through counsel, responds in opposition to Defendant Underwriters at Lloyd's, London ("Lloyd's") Motion to Strike the Declaration of Attorney Casey Scott McKay in Support of Best Inn's Motion to Compel a Second Rule 30(b)(6) Deposition of Lloyd's, and, in support thereof, states as follows:

## TABLE OF CONTENTS

1

- SUMMARY
- FACTS
- ARGUMENT
  - I. LLOYD'S MOTION TO STRIKE IS NOT FOUNDED ON ANY PRIMARY AUTHORITY; THE AUTHORITY LLOYD'S CITED SPECIFICALLY APPLIES TO MOTIONS FOR SUMMARY JUDGMENTS.
    - A. *Slentz* is Based on Local Rule 56-1(b), which Only Applies to Motions for Summary Judgment.
    - B. The Late Filings at Issue in *Slentz* Were Filed Months Late as Part of a Separate Filing.
  - II. BEST INN'S LATE DECLARATION DOES NOT PREJUDICE LLOYD'S BECAUSE BEST INN'S MOTION TO COMPEL CITED THE AUTHORITATIVE SOURCES OF TRUTH FOR ITS FACTUAL ALLEGATIONS.
    - A. Best Inn's Motion to Compel Cites the Authoritative Sources of Truth for its Factual Allegations and Does Not Rely on the McKay Declaration to Support any Allegations.
    - B. All Unsupported Allegations are, by Definition, the Declarations of Attorney McKay.
  - III. CONSISTENCY IS KEY: IF BEST INN'S LATE FILING IS STRUCK, THEN LLOYD'S LATE FILING SHOULD ALSO BE STRUCK.
- CONCLUSION
- CERTIFICATE OF SERVICE

**SUMMARY**

Lloyd's Motion to Strike mistakenly relies on a case that depended on Local Rule 56-1(b), which specifically applies to responses to summary judgment motions, not motions to compel. Consequently, Lloyd's failed to cite any primary authority allowing the striking of declarations supporting responses to motions to compel, rendering their motion legally unsupported. Additionally, Best Inn's Motion to

2

Compel cites the authoritative sources of truth—i.e., Exhibits A - F—for all of its factual allegations, meaning Lloyd's was not prejudiced by Best Inn filing the McKay Declaration two-days after it filed it Motion to Compel, as Best Inn Motion's does not rely on the McKay Declaration.

**FACTS**

Best Inn filed its Motion to Compel a Second Rule 30(b)(6) Deposition of Lloyd's on 11 October 2023. (*See* Motion to Compel a Second Rule 30(b)(6) Deposition of Lloyd's (ECF No. 61)). Because Best Inn's cited to the authoritative sources of truth for all factual allegations, Best Inn did not initially duplicate those allegations in any own declaration. (*See id.*). Consequently, Best Inn did not attach a declaration to Best Inn's Motion to Compel when it was originally filed on October 11th. (*See id.*). Best Inn filed the McKay Declaration two days later on October 13th. (*See* McKay Decl. in Supp. of Best Inn's Mo. to Compel Lloyd's Second Rule 30(b)(6) Deposition (ECF No. 67)).

Four days later, on October 17th, Lloyd's filed this Motion to Strike, arguing the McKay Declaration should be struck for being filed two-days late, as such a late filing prejudices Lloyd's in various prejudicial ways. (*See* Lloyd's Mo. to Strike (ECF No. 72.)). Lloyd's primarily claims it "did not have a reasonable period of time to review and respond to 21 paragraphs (spanning two pages) of allegations." (*Id.* at ¶ 5.).

# ARGUMENT

I. **LLOYD'S MOTION TO STRIKE IS NOT FOUNDED ON ANY PRIMARY AUTHORITY; THE AUTHORITY LLOYD'S CITED SPECIFICALLY APPLIES TO MOTIONS FOR SUMMARY JUDGMENTS.**

Lloyd's Motion to Strike the McKay Declaration lacks a valid foundation in primary authority; instead it relies on a ruling rooted in the application of Local Rule 56-1(b), which is explicitly designed to govern responses to motions for summary judgment and does not extend to motions to compel. Furthermore, Lloyd's has not provided any applicable authority demonstrating a court's authority to strike a declaration filed in support of a response to a motion to compel.

Lloyd's Motion to Strike relies on the ruling in *Slentz v. Emmis Operating Co.*, but *Slentz* does not provide a suitable legal foundation for striking a declaration attached to a response to a motion to compel. 2018 WL 705654, at 8-9 (S.D. Ind. Feb. 5, 2018) (granting motion to strike an untimely declaration attached to a surreply to a reply to a response to a motion for summary judgment, where the plaintiff attempted to submit three supporting declarations for its response months later when it submitted its surreply to defendant's reply). The ruling in *Slentz* is dependent on Local Rule 56-1(b) and its specific limited applicability to responses to motions for summary judgment. *See id.* at 9. It does not address or establish standards for striking declarations in response to motions to compel. *See id.*; *see also* Local Rule 56-1(b).

## A. *Slentz* is Based on Local Rule 56-1(b), which Only Applies to Motions for Summary Judgment.

The *Slentz* ruling was based on Local Rule 56-1(b), which specifically applies to responses to motions for summary judgment and has never been applied in the context of a motion to compel. *See Slentz*, WL 705654, at 8-9 (citing *U.S. ex rel. Abner v. Jewish Hosp. Health Care Servs.*, No. 4:05-cv-106-RLY-WGH, 2010 WL 811288, *1 (S.D. Ind. Mar. 3, 2010) ("Pursuant to Federal Rule of Civil Procedure 56(e), the party opposing a motion for summary judgment must, by affidavit or other evidence, set out specific facts showing a genuine issue for trial. The party is not entitled to hold back evidence until the filing of a surreply.")). Specifically, Local Rule 56-1(b), states as follows:

> A party *opposing a summary judgment motion* must, within 28 days after the movant serves the motion, file and serve a *response brief and any evidence* (that is not already in the record) that the party relies on to oppose the motion.

*See id*. (emphasis added).

Local Rule 56-1(b) specifically addresses responses to motions for summary judgment and is aimed at regulating the submission of evidence and briefs in the context of summary judgment motions. *See id*.; *see also Slentz*, WL 705654, at 9. It is tailored to the unique requirements and procedures associated with motions for summary judgment. *See id*. Local Rule 56-1(b) has never been applied to a motion to compel, as motions for summary judgment and motions to compel address different

aspects of litigation and, therefore, the standards, rules, and objectives of motions to compel differ substantially from those of motions for summary judgment. *Compare* Fed. R. Civ. P. 37 *with* Fed. R. Civ. P. 56; *see* Local Rule 56-1(b); *Slentz*, WL 705654, at 9. Lloyd's has not presented any case law or any other primary authority demonstrating that courts have the authority to strike a declaration attached to a response to a motion to compel. The absence of such legal precedent underscores the novelty of Lloyd's motion and the lack of a clear legal basis for it.

**B. The Late Filings at Issue in *Slentz* Were Filed Months Late as Part of a Separate Filing.**

Not only is the ruling in *Slentz* based on a rule that specifically applies to a substantially different motion, the facts the *Slentz* ruling is based on are also substantially different from the facts in the case at issue. In *Slentz*, the plaintiff filed three late declarations intended to support its response to the defendant's motion for summary judgment,[1] but the plaintiff filed those three declarations 28 days after submitting said responsive motion that the declarations were intended to support.[2] *Slentz*, WL 705654, at 8-9. Even more significant, in *Slentz* the plaintiff's three late declarations intended to support its responsive motion, were actually filed as attachments to the plaintiff's surreply—as discussed above, Local Rule 56-1(b)

---

[1] In *Slentz*, the defendant filed its motion for summary judgment on 08 September 2017; the plaintiff filed its response in opposition on 06 October 2017; *See Slentz*, WL 705654, at 8-9 (citing Def.'s Mot. for Summ. Judg. (ECF No. 40.) and Def. Resp. (ECF No. 45.)).

[2] In *Slentz*, the defendant filed its reply on 20 October 2017; and the plaintiff filed its surreply, including the declarations intended to support the plaintiffs previous filed response, on 03 November 2017. *See Slentz*, WL 705654, at 8-9 (citing Defs. Reply (ECF No. 48.) and Pls. Surreply (ECF No. 55.)).

specifically prohibits such behavior.[3]. As expected, the *Slentz* court ruled the plaintiff could not attempt to sneak in declarations ostensibly in support of its surreply when such declarations were actually intended to support the plaintiffs responsive motion that it filed almost a month before filing the declarations at issue. *See Slentz*, WL 705654, at 8-9.

To summarize, Lloyd's Motion to Strike the McKay Declaration is not founded on primary authority; rather it mistakenly relies on a case based on Local Rule 56-1(b), which is specific to responses to motions for summary judgment. Consequently, Lloyd's Motion to Strike lacks a valid legal foundation and should be denied.

II. **BEST INN'S LATE DECLARATION DOES NOT PREJUDICE LLOYD'S BECAUSE BEST INN'S MOTION TO COMPEL CITED THE AUTHORITATIVE SOURCES OF TRUTH FOR ITS FACTUAL ALLEGATIONS—I.E., EXHIBITS A - F.**

Best Inn's late McKay Declaration does not prejudice Lloyd's, as Best Inn's Motion to Compel cites to the authoritative sources of truth for each of its factual allegations and attached such sources of truth as Exhibits A - F in support of its Motion to Compel. In other words, Best Inn's Motion to Compel does not rely on the McKay Declaration to support any factual claims.

---

[3] *See supra* Section I.A.

**A. Best Inn's Motion to Compel Cites the Authoritative Sources of Truth for its Factual Allegations and Does Not Rely on the McKay Declaration to Support any Allegations.**

Lloyd's argues that the McKay Declaration prejudices Lloyd's because it was filed two days late, resulting in Lloyd's having less time to properly respond, the length of the McKay Declaration.

As noted in *Slentz*, the motion to strike only applies to the motion being struck "to the extent that it relies on these additional declarations." *See Slentz*, WL 705654, at 8 (citing Pl.s Mo. to Strike (ECF. No. 56.)). In the case at hand, Best Inn cited to the authoritative sources of truth for each of its factual allegations, meaning the McKay Declaration was not necessary to support any factual allegations in Best Inn's Motion to Compel. Because Best Inn submitted Exhibits A - F to support its factual assertions, the McKay Declaration was not necessary to support any factual allegations in Best Inn's Motion to Compel. Citing and attaching the authoritative sources of truth as supporting exhibits is a much better practice that benefits all parties and the Court compared to relying on some individual's second-hand account of such facts.

**B. All Unsupported Allegations are, by Definition, the Declarations of Attorney McKay.**

Attorney McKay drafted, signed, and submitted the Motion to Compel and its supporting documents. All unsupported allegations in that motion are the

8

declarations of the author of the motion, Attorney McKay. Everything in Best Inn's Motion that does not cite to an authoritative source of truth is a declaration of Attorney McKay.

### III. CONSISTENCY IS KEY: IF BEST INN'S LATE FILING IS STRUCK, THEN LLOYD'S LATE FILING SHOULD ALSO BE STRUCK.

While mindful that cases should be decided on the merits, not technicalities, Best Inn also appreciates a well-operated rocket docket supported by rigid, well-defined rules and standards aimed at streamlining litigation. But in operating such a well-oiled legal machine, consistency is key. Inconsistent application of rules and standards undermines the integrity of a well-designed system. This means, without good cause, late filings should be considered late filings—without exception. As noted by Lloyd's, where a party "fail[s] to file and serve the [document(s)] *within the time prescribed by the Court*, such document[(s)] should be struck. (*See* Lloyd's Mo. to Strike, at ¶ 6.).

The Docket shows the Court set Lloyd's deadline to file its Response to Best Inn's Motion to Compel as 16 October 2023.[4] The Docket also shows Lloyd's was late filing its Response, filing the Response on 17 October 2023, the day after its deadline.[5]

---

[4] *See* Order Setting Briefing Schedule (12 October 2023) (ECF No. 62).

[5] *See* Lloyd's Response to Best Inn's Motion to Compel (17 October 2023) (ECF No. 70)

If the McKay Declaration is struck for being filed late, then Lloyd's Response to Best Inn's Motion to Compel and its supporting documents should also be struck for being filed late. Late is late.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Best Inn respectfully requests the Court deny Lloyd's Motion to Strike the McKay Declaration, as (1) Lloyd's Motion to Strike is mistakenly premised on a rule that only applies to responses to motions for summary judgment and, therefore, is not supported by any primary authority, and (2) the McKay Declaration does not prejudice Lloyd's, as all facts in Best Inn's Motion to Compel are supported by the authoritative sources of truth—Best Inn's Motion to Compel does not rely on the McKay Declaration. Alternatively, if the Court does Strike the McKay Declaration for being filed late, Best Inn requests the Court also strike Lloyd's late Response to Best Inn's Motion to Compel and its supporting documents for being filed late. Best Inn further prays for such other and further relief as the Court deems just and appropriate.

**Dated**: 19 October 2023

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC

1441 U St. NW, Suite 712<br>
Washington, DC, D.C. 20009<br>
202.743.1972<br>
casey@mclaw.io

*Attorney for Plaintiff Best Inn Midwest, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all pro se parties and counsel of record on 19 October 2023.

**Dated**: 19 October 2023

By: /s/Casey Scott McKay/
Casey Scott McKay
TN Bar No.: 034028
MC Law, PLLC
1441 U St. NW, Suite 712
Washington, DC, D.C. 20009
202.743.1972
casey@mclaw.io

*Attorney for Plaintiff Best Inn Midwest, LLC*