IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S, LONDON,<br><br>    Defendant. | Case No.: 1:22-cv-01586-RLY-KMB<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE** |

Under Local Rule 7-1(c) and the Court's Order Setting Briefing Schedule, ECF No. 69, Defendant Underwriters at Lloyd's, London submits the following Response in Opposition to Plaintiff's Motion for Leave to Complete Three Discovery Requests, ECF No. 68.

## BACKGROUND

On July 7, 2023, Casey Scott McKay filed an appearance on behalf of Plaintiff. ECF No. 46.[1] On July 12, Plaintiff's new counsel filed an unopposed Motion for Extension of Certain Case Management Plan Deadlines. ECF No. 48. The Court granted Plaintiff's unopposed motion in part. ECF No. 52. As relevant here, the deadline for non-expert witness discovery and discovery relating to liability issues was extended to September 25, *id.*, and the Settlement Conference was reset for November 6, ECF No. 55.

On August 26, 2023, Plaintiff noticed its Rule 30(b)(6) deposition of Defendant for August 29, 2023 (the "First Deposition Notice"). ECF No. 68-1 (Exhibit C) at pp. 19-37 of 82. Defendant served its objections to the First Deposition Notice on August 29. *Id.* (Exhibit D) at pp. 38-57 of

---

[1] The Court subsequently granted Joanne Rouse Sommers and Brett Nelson's motions to withdraw as counsel for Plaintiff. ECF Nos. 51 and 53.

82. Defendant designated Sara Sadler to testify on its behalf on the 17 topics in the First Deposition Notice subject to Defendant's objections. *See generally* Exhibit 1.[2] Plaintiff's counsel questioned Ms. Sadler for approximately **five** of the seven hours permitted under Rule 30(d)(1). *See* ECF No. 61 at p. 4 fn.3; *see also* Exhibit 1.

On September 6, 2023, Plaintiff served its Notice of Second Rule 30(b)(6) Deposition on Defendant (the "Second Deposition Notice"). Exhibit 2.  The topics in the First Deposition Notice and the Second Deposition Notice are identical.  *Compare* ECF No. 68-1 (Exhibit C) at pp. 19-37 of 82 *with* Exhibit 2. Despite taking more than five hours of deposition testimony, Plaintiff made no effort to eliminate, narrow, or otherwise tailor its topics to the allegedly deficient answers.

On September 11, 2023, defense counsel advised that the Second Deposition Notice "is invalid because Plaintiff did not seek leave of Court prior to issuing the Notice as required under Fed. R. Civ. P. 30(a)(2)(A)(ii)." *See* Exhibit 6.   Later that same day, Defendant served objections to the Second Deposition Notice. *See* Exhibit 3. Defendant renewed its substantive objections to each of the topics. *Compare* ECF No. 68-1 (Exhibit D) at pp. 38-57 of 82 *with* Exhibit 3. Defendant also objected to each topic "as unreasonably duplicative and cumulative to those topics that were or could have been the subject of questioning at Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition of Lloyd's on August 29, 2023." *See generally* Exhibit 3.

Defendant repeatedly offered to meet and confer on Plaintiff's Second Deposition Notice. *See, e.g.,* Exhibit 6.  Recognizing that it could not seek duplicative testimony, on September 25, 2023, Plaintiff promised to narrow the deposition topics. *See* Exhibit 7 ("Best Inn is amenable to narrowing its proposed deposition Topics to avoid asking any duplicative questions for which Lloyd's first designee sufficiently answered . . . .  I will update you on Best Inn's proposed Topics

---

[2] References to numbered exhibits herein are attached to the October 19, 2023 Declaration of Lindsey Davis.

to narrow or remove any Topics for which Lloyd's designee provided sufficient answers to Best Inn's questions"). Plaintiff did not propose a narrowed set of deposition topics and instead wrote to the Court on September 27 that Ms. Sadler did not have "any knowledge" about the topics in the First Deposition Notice. That is demonstrably false. *See generally* Exhibit 1.

Dr. Ronald Wish, the named insured under the at-issue insurance policy, sat for a remote, Zoom deposition in this matter on September 18, 2023. Davis Dec. ¶ 2. Dr. Wish unilaterally elected to end his deposition before Plaintiff's counsel could question the witness. *See id.*[3]

Plaintiff never served or attempted to serve a subpoena on Ohio Security Insurance Company ("OSIC"), its property insurer for the year immediately prior to the commencement of Defendant's September 19, 2019-September 19, 2020 policy period, before the close of fact discovery. Davis Dec. ¶ 3. Nor did the parties ever meet and confer regarding Plaintiff's desired discovery of OSIC prior to the close of fact discovery. *See id.* Finally, Plaintiff did not seek the Court's guidance on its desire to take this admittedly untimely discovery in its September 27, 2023 letter to the Court, in the parties' Status Report, ECF No. 59, or at the October 4, 2023 Telephonic Discovery Conference.

## ARGUMENT

I. **PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT A SECOND RULE 30(b)(6) DEPOSITION OF DEFENDANT SHOULD BE DENIED.**

    A. **Plaintiff did not engage in a good faith effort to adhere to the Court's guidance and indicative ruling on this discovery dispute.**

In response to Plaintiff's request for assistance in resolving certain discovery disputes, the Court set this case for a Telephonic Discovery Conference on October 4, 2023. ECF No. 58.

---

[3] While Plaintiff repeatedly cites the Declaration of Casey McKay in support of its request that it be given leave to cross-examine Dr. Wish, ECF Doc. 68 at p. 20 of 33, nothing in Mr. McKay's Declaration supports Plaintiff's factual allegations on this issue. *See* ECF No. 68-1 at pp. 2-11 of 82.

Before the Discovery Conference, "the Parties submitted a Status Report detailing the seven discovery disputes at issue. . . . [At the Discovery Conference,] Counsel and the Court discussed each of the seven discovery disputes raised by the Parties. While no motions related to those disputes [we]re pending before the Court at th[e] time, the [Court] heard argument from counsel on each of the issues raised and indicated how she would rule on each dispute should a discovery motion be presented containing the same arguments." October 4, 2023 Entry and Order from Telephonic Discovery Conference (the "Order"), ECF No. 60 at p. 1 (emphasis added).

As relevant here, the Court indicated as follows:

Underwriters' Rule 30(b)(6) Deposition of Best Inn – this should proceed, given that counsel for both Parties discussed the need for it all summer and Underwriters served a subpoena ahead of the discovery deadline.[4]

Best Inn's Second Rule 30(b)(6) Deposition of Underwriters – counsel for Best Inn can file the appropriate discovery motion with the Court should he need to do so, but any such motion must be filed **no later than October 11, 2023**. The undersigned encouraged counsel to continue to discuss this issue and find a path forward to get Best Inn the information it believes it needs on what sounds like a limited set of topics.

Best Inn's Second Deposition of Ron Wish – It is concerning to the Court that Mr. Wish walked out of the deposition without the permission of counsel, such that counsel for Underwriters was able to ask him questions but counsel for Best Inn was not. Counsel for Best Inn should also be allowed to ask Mr. Wish questions—either via a second deposition or by Mr. Wish responding to written questions under oath. Should counsel necessitate something from the Court to ensure that Mr. Wish complies, counsel shall file the appropriate motion **no later than October 18, 2023.**

Best Inn's Deposition of Kathryn Columbia – Best Inn's counsel represented that he ultimately cancelled this deposition, so it should not proceed at this time.[5]

---

[4] Plaintiff's arguments regarding Defendant's Rule 30(b)(6) Deposition of Plaintiff, ECF No. 68 at p. 10 fn 1 of 33, are irrelevant to the instant Motion. Consistent with the Court's Order, Plaintiff should be compelled to sit for a Rule 30(b)(6) deposition. *See* ECF No. 63. While the parties' Joint Status Report inadvertently stated that Defendant's Notice of Rule 30(b)(6) Deposition of Plaintiff was served on September 11, 2023 rather than the correct date of September 13, 2023, it remains undisputed that Defendant served its Rule 30(b)(6) Notice and sought to take the deposition *before* the close of discovery. It is similarly undisputed that the parties discussed the need for this deposition all summer.

[5] The statements in Mr. McKay's Declaration concerning Plaintiff's attempted deposition of Kathryn Columbia, a former National General Lender Services Adjusting, LLC ("NGLS") employee, are unsupported and irrelevant to the instant Motion. *See* ECF No. 68-1 at pp. 6-7 of 82. First, it is beyond dispute that Plaintiff failed to personally serve

4

*Id.* at pp. 1-2 (emphasis in original).

The Court addressed each dispute separately and did not condition its indicative rulings on each other. Said another way, Defendant's Rule 30(b)(6) deposition of Plaintiff did not turn on Plaintiff's ability to take a second Rule 30(b)(6) deposition of Defendant and/or Dr. Wish. Nor did the Court advise the parties that the discovery permitted under its indicative rulings requires a joint stipulation or further court order. Indeed, the very purpose of the Rule 37-1 conference is to "determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to a party filing a formal discovery motion." L.R. 37-1(a).

As courts in this District have previously explained, "[c]ounsel should expect that, absent something new and significant in the briefing, the preliminary indication received from the Court at the Local Rule 37-1 conference will be the likely outcome of the issues if formally brought before the Court by way of a motion." *E.E.O.C. v. Celadon Trucking Servs., Inc.*, 2013 WL 5915206, at *1 (S.D. Ind. Nov. 1, 2013). Here, Plaintiff has not presented anything new or significant in its Motion such that the Court should deviate from its initial indication that counsel should continue to discuss the Rule 30(b)(6) topics and find a path forward to get Plaintiff "the information it believes it needs on what sounds like a limited set of topics." Order at p. 1. Said another way, there is no reason for the Court to depart from its indicative ruling that any further Rule 30(b)(6) deposition of Defendant be limited in scope.

---

Ms. Columbia a copy of the subpoena as required under Rule 45. *See* Fed. R. Civ. P. 45(b)(1) ("**Serving a subpoena requires delivering a copy to the named person** and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." (emphasis added)). Leaving a copy of the subpoena at her employer's office is not valid service under Rule 45(b)(1). Absent Ms. Columbia's consent, which she did not provide, email service of a subpoena is similarly invalid. As a result, Ms. Columbia was under no obligation to appear for the noticed deposition. ECF No. 61-1 (Exhibit D). Second, Plaintiff's admitted decision to voluntarily forego Ms. Columbia's deposition is unrelated to whether Plaintiff should be granted leave to take discovery of Defendant, Dr. Wish, and OSIC. *See* Order at p. 2.

Upon receipt of the Court's guidance and Order, Defendant was prepared to sit for a second Rule 30(b)(6) deposition on a narrowed set of topics. Indeed, Defendant repeatedly offered to meet and confer in order to reach agreement on a narrowed set of topics such that the deposition could move forward without formal motion practice. *See* Exhibit 8 (October 5: "Defendant remains available to meet and confer. To that end, we will review Plaintiff's narrowed topics upon receipt."; October 9: "While we have not received any proposed subset of Rule 30(b)(6) topics, we remain available to meet and confer consistent with the Court's instruction that the parties do so."; October 10: "Defendant has . . . repeatedly invited you to propose a narrowed set of topics . . . . While you have repeatedly promised to provide us with narrowed topics, you have failed to do so."). For its part, Plaintiff and its counsel clearly understood, at least initially, that any additional Rule 30(b)(6) deposition testimony from Defendant would necessarily be on a narrowed set of topics. *See id.* ("I informed [Plaintiff] the late second deposition [of Defendant], if we get it by stipulation or court order, **would be restricted in both time and topics and he was agreeable.** I haven't narrowed the topics yet . . . but I'll work on narrowing them this weekend" (emphasis added)). Just as it had before the close of discovery, however, Plaintiff failed to provide Defendant with a narrowed set of the deposition topics.

Plaintiff instead rebuffed the Court's guidance and indicative rulings and moved to compel, ECF No. 61, and now seeks leave to take a Second Rule 30(b)(6) deposition of Defendant, ECF No. 68. Under these circumstances, there is no good cause for Plaintiff to be granted leave to take a second Rule 30(b)(6) deposition of Defendant on the exact same seventeen topics for an additional seven hours. Plaintiff's refusal to engage in any meet and confer to reach agreement on a narrowed, non-duplicative set of topics and the length of the deposition is improper.

6

### B.     Ms. Sadler was prepared to testify on behalf of Defendant.

Rule 30(b)(6) operates as "a vehicle for streamlining the discovery process." *Hooker v. Norfolk S. Ry.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001). The rule states that an organization must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Critically, the rule provides that a deponent only need to testify as to information known or reasonably available. Like all other discovery allowed in civil matters, a Rule 30(b)(6) deposition is limited in scope by Fed. R. Civ. P. 26. *Integra Bank Corp. v. Fid. & Deposit Co.*, 2014 WL 109105, at *2 (S.D. Ind. Jan. 10, 2014).

A Rule 30(b)(6) designee does not need to be the person who has the **most** knowledge on any and every topic in a Rule 30(b)(6) notice. *Lauray v. Menard, Inc.*, 2019 WL 7562431, at *1 (S.D. Ind. Mar. 5, 2019).  Moreover, there is no requirement that a designee interrogate every person who might have any knowledge about each topic. *Id.*  Rule 30(b)(6) does not promise a perfect deponent, just a knowledgeable one under the circumstances. *E.E.O.C. v. Celadon Trucking Servs., Inc.*, 2013 WL 5915206, at *1 (S.D. Ind. Nov. 1, 2013). Here, like in *Celadon Trucking*, the circumstances include the fact that Defendant objected to the Second Deposition Notice and sought to limit the scope of the deposition, yet Plaintiff did not respond. *See id*. fn. 1 (denying motion to compel a proper Rule 30(b)(6) deponent who has sufficient knowledge of the topics); *see also Costa v. County of Burlington,* 254 F.R.D. 187, 190 (D.N.J. 2008) (denying motion for sanctions for allegedly not preparing or producing a responsive Rule 30(b)(6) witness and holding that "[s]imply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness.").

7

Ms. Sadler is employed as a claims specialist by NGLS which serves as a "designated claims administrator" for certain claims tendered to Defendant, including the at-issue claims Dr. Wish, the named insured, tendered to Defendant (collectively, the "Claims").[6] In that role, NGLS investigates the claim, retains an independent adjuster to assist in the investigation of that claim,[7] and makes a coverage recommendation for Defendant's approval. *See* Exhibit 1 at 26:10-28:11. Ms. Sadler was the NGLS claims specialist primarily responsible for the investigation and adjustment of the Claims. *See id.* at 15:11-17 and 16:9-17.

While she acknowledged that she had more personal knowledge on some topics more than other topics, Ms. Sadler testified she was prepared to testify on Defendant's behalf on all 17 topics. *See id.* at 9:10-10:7. Ms. Sadler's preparations for this deposition included reviewing Defendant's claim files and meeting with defense counsel on multiple occasions. *See id.* at 11:10-13. Ms. Sadler was asked a variety of questions about Defendant's underwriting of the Policy and investigation of the Claims but Plaintiff's counsel elected to not show her any underwriting documents or Defendant's claim files. In certain instances, Ms. Sadler testified that she would be able to better answer the questions if she were shown Defendant's claim files. *See id.* at 163:13-19. Even after defense counsel identified where these voluminous files were located within Defendant's document production, *see id.* at 162:4-12,[8] Plaintiff's counsel declined to show Ms. Sadler

---

[6] Plaintiff took a Rule 30(b)(6) deposition of NGLS on August 30, 2023. *See generally* Exhibit 4. NGLS, which was represented at this deposition by defense counsel, designated Ms. Sadler to testify on its behalf subject to NGLS's objections. *See generally* Exhibit 5.

[7] Here, NGLS retained Mid-America Catastrophe Services, LLC, an independent adjusting firm, to assist in the investigation of the Claims. Mid-America Catastrophe Services, LLC inspected the property, took photos of the property, and developed loss estimates. *See* Exhibit 1 at 19:8-22:11 and 24:17-23. Plaintiff took a Rule 30(b)(6) deposition of Mid-America Catastrophe Services, LLC and a third-party deposition of Robert Rhinesmith, the Mid-America Catastrophe Services, LLC independent adjuster assigned to the Claims. Davis Dec. ¶ 4.

[8] Defendant produced its claim file for the fire claim (Lloyds0004908-0005106) and its claim file for the vandalism claim (Lloyds0000048-1144) to Plaintiff on November 21, 2022. Davis Dec. ¶ 5. The first page of each claim file includes a heading entitled "Claim File." *Id.* Neither of these documents were shown to Ms. Sadler during the Rule 30(b)(6) deposition. *Id.* Critically, Defendant's claim files included documents that were not included in the NGLS claims notes that were shown to Ms. Sadler during the deposition. *See* Exhibits 9 and 10.

Defendant's claim files (or the stand-alone email communications between NGLS and Lloyd's) and instead elected to show Defendant's corporate designee only the NGLS claim notes, *see id.* at 28:12-18, 30:1-5 and 70:20-5.[9]

### C. Plaintiff's Second Rule 30(b)(6) Deposition Notice of Defendant Violates Rule 30.

Plaintiff served the Second Deposition Notice in violation of Federal Rule of Civil Procedure 30. *See* Fed. R. Civ. P. 30(a)(2)(B) ("A party must obtain leave of court, . . . if, without the written stipulation of the parties, . . . the person to be examined already has been deposed in the case."). Specifically, Plaintiff did not seek or otherwise obtain the Court's leave to serve the Second Deposition Notice. *See In re Sulfuric Acid Antitrust Litig.,* 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) (declaring the second notice of Rule 30(b)(6) deposition invalid where defendants served it without leave of court). Courts repeatedly have stressed that "[t]he Rule 30(a)(2) limitation on re-deposing a deponent without leave of court applies to Rule 30(b)(6) party deponents." *Terry v. Unified Government of Wyandotte County*, 2011 WL 795816, at *3-4 (D. Kan. March 1, 2011); *see also Appleton Papers Inc. v. George A. Whiting Paper Co.*, 2009 WL 2870622, at *1 (E.D. Wis. Sept. 2, 2009) (denying motion to compel a second Rule 30(b)(6) deposition where the moving party did not obtain leave of court before serving the notice); *Burdick v. Union Sec. Ins. Co.*, 2008 WL 5102851, at *3 (C.D. Cal. Dec. 3, 2008) (same); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (same).

Here, the deposition of Ms. Sadler, Defendant's corporate representative, was originally and extensively undertaken by Plaintiff on August 29, 2023. At that time, Ms. Sadler was

---

[9] Contrary to Plaintiff's assertion, ECF No. 61 at pp. 20-21, defense counsel's statements regarding the location of communications between Defendant and NGLS and Defendant's claim files were in response to Plaintiff's counsel's questions to defense counsel regarding the same. *See* Exhibit 1 at 157:22-159:2, 162:4-163:3, and 164:18-25.

questioned at-length by counsel for Plaintiff on all relevant matters pertaining to the facts of this matter. Defendant has not stipulated to a successive deposition of Ms. Sadler; and therefore, pursuant to Rule 30(a)(2), Plaintiff cannot depose Ms. Sadler again without seeking and obtaining leave of this Court. Due to Plaintiff's failure to move this Court before the close of fact discovery and secure permission to proceed forward with the additional deposition, Plaintiff's Motion for Leave should be denied.

Under the circumstances set forth above, good cause does not exist and Plaintiff's Motion for leave to conduct a second Rule 30(b)(6) deposition of Defendant should be denied.

## II.   PLAINTIFF'S MOTION FOR LEAVE TO SERVE A DOCUMENT SUBPOENA ON THIRD-PARTY OHIO SECURITY INSURANCE COMPANY SHOULD BE DENIED.

Plaintiff had ample time to subpoena documents from OSIC, its property insurer for the year immediately prior to the commencement of Defendant's September 19, 2019-September 19, 2020 policy period, but failed to do so. Indeed, Plaintiff has long been aware of the relevance of OSIC's claims files concerning the multiple prior vandalism claims Plaintiff tendered to OSIC in the year immediately prior to the commencement of Defendant's September 19, 2019-September 19, 2020 policy period.  Specifically, on June 7, 2021, Dr. Wish, Plaintiff, and Mr. Reddy, as Plaintiff's sole member, were advised as follows with respect to the vandalism claim tendered to Defendant:

> **[NGLS has] tried to obtain documents from the multiple prior vandalism claims that were filed with Liberty Mutual;[ [10]] however due to there being an on-going litigation between Liberty Mutual and the borrower Mr. Reddy, they are not able to provide any documentation regarding the claims.**
>
> We have determined that due to the on-going, extensive vandalism damages at this vacant commercial property, and our inability to confirm what vandalism damages occurred prior to our policy, we are not able to come to an accurate settlement decision at this time. **Once we are able to confirm what damages were present**

---

[10] OSIC is owned by Liberty Mutual Insurance Company.

10

> **in 2019 and are being addressed under prior claims with Liberty Mutual, we will be able to re-open this claim and come to a coverage decision.**
>
> In conclusion, Underwriters at Lloyd's-London does not waive any of its rights or defenses under the policy, as outlined in this letter. If you have any documentation which you believe may support an obligation to provide coverage or additional coverage under the policy issued by Underwriters at Lloyd's-London we urge you to contact us so that we may reconsider out position.

Exhibit 11 (emphasis added).[11]

Plaintiff apparently "reached out to Ohio Security to request all documents related to Best Inn's prior claims, or to have Ohio Security confirm that Best Inn has all existing documents, but Best Inn never received a response from Ohio Security." ECF No. 68 at p. 20 of 33.[12] At no point, however, did Plaintiff serve a subpoena on OSIC for those same documents. Davis Dec. ¶ 3. Plaintiff offers no good cause as to why it should be permitted to subpoena these self-described "critical" documents "that only [OSIC] can produce" after the close of discovery.[13] Under these circumstances, which are borne entirely out of Plaintiff's own inaction, Defendant submits that no good cause exists. Plaintiff's motion for leave to serve a subpoena on OSIC should be denied.

---

[11] On March 13, 2023, the district court entered final judgment in favor of OSIC and against Best Inn Midwest, LLC. *See* Exhibit 12 at docket no. 151. On May 15, 2023, the district court entered an amended final judgment in favor of OSIC and against Best Inn Midwest, LLC. *See id.* at docket no.161 ("After the court issued its August 21, 2021 Sanctions Order [against Best Inn Midwest, LLC, the parties,] agreed that the sole remaining claim for resolution was Best Inn's counterclaim for bad faith. Best Inn's bad faith claim was dismissed on March 13, 2023, when the court granted Ohio Security's Motion for Summary Judgment on Best Inn's Bad Faith Claim."). Best Inn filed a notice of appeal from the district court's March 13, 2023 order. *See* Exhibit 13. The matter remains on appeal. *See id.* Critically, Plaintiff does not contend it cannot obtain the documents from OSIC. Indeed, OSIC apparently produced at least certain of the at-issue documents to Plaintiff in the litigation between OSIC and Best Inn Midwest, LLC and Plaintiff's counsel here, in turn, obtained those documents from Best Inn's prior counsel. *See* ECF Doc. 68 at p. 23 of 33. It is Plaintiff's obligation – not Defendant's – to confirm whether Plaintiff obtained all of the OSIC documents its wants.
[12] While Plaintiff repeatedly cites the Declaration of Casey McKay in support of its request that it be given leave to seek discovery from OSIC, ECF Doc. 68 at pp. 22-24 of 33, nothing in Mr. McKay's Declaration supports Plaintiff's factual allegations on this issue. *See* ECF No. 68-1 at pp. 2-11 of 82.
[13] ECF Doc. 68 at p. 23 of 33.

### III. DEFENDANT DOES NOT OBJECT TO PLAINTIFF'S MOTION FOR LEAVE TO CROSS-EXAMINE DOCTOR WISH.

Dr. Wish, the named insured under the at-issue insurance policy, sat for a remote, Zoom deposition in this matter on September 18, 2023, pursuant to a subpoena Defendant served on him. Davis Dec. ¶ 2. Prior to September 18, defense counsel was unaware of Dr. Wish's apparent need to complete the deposition in two and one-half hours. *See id.* Dr. Wish unilaterally elected to end his deposition before Plaintiff's counsel could question the witness. *See id.*

Given these circumstances and the Court's October 4 Order, Defendant has no objection to Plaintiff's request for leave to complete its cross-examination of Dr. Wish either "via a second deposition or by Mr. Wish responding to written questions under oath." Order at p. 1; *see also* ECF No. 68 at 18 ("At most, Best Inn requires an hour to address its pending inquiries. . . . Alternatively, Best Inn is open to submitting written deposition questions. . . ."). Contrary to Plaintiff's assertion, ECF No. 68 at p. 13 of 33, Plaintiff never asked – and Defendant never refused – to stipulate to Plaintiff's late deposition of Dr. Wish. As Defendant advised Plaintiff on October 5:

> Dr. Wish is a third-party and is not under Defendant's control. Consistent with the Court's Order, Defendant has no objection to Plaintiff "ask[ing] Mr. Wish questions—either via a second deposition or by Mr. Wish responding to written questions under oath."

Exhibit 8 at p. 1. Defendant simply objected to Plaintiff's efforts to "contort[] the Court's ruling by attempting to condition Defendant's Rule 30(b)(6) deposition of Plaintiff on Plaintiff's Second Rule 30(b)(6) deposition of Defendant and Plaintiff's deposition of Ron Wish." *Id.* at pp. 1, 4.

Defendant respectfully requests that to the extent Plaintiff is permitted to take any further discovery of Dr. Wish, Plaintiff be ordered to complete such discovery within 21 days.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave to take a second Rule 30(b)(6) deposition of Defendant and serve an untimely document subpoena on OSIC be denied. Defendant respectfully requests that to the extent Plaintiff is permitted to take any further discovery of Dr. Wish, Plaintiff be ordered to complete such discovery within 21 days.

| | |
|---|---|
| Date: October 19, 2023 | *s/ Lindsey Davis* |
| | Lindsey Davis, *pro hac vice* |
| | Akira Céspedes Pérez, *pro hac vice* |
| | Zelle LLP |
| | 500 Washington Ave. South, Ste. 4000 |
| | Minneapolis, MN 55415 |
| | Tel: 612.339.2020 |
| | Fax: 612.336.9100 |
| | ldavis@zellelaw.com |
| | acespedesperez@zellelaw.com |

-and-

Kandi Hilkelly Hidde, #18033-49
Dean R. Brackenridge, #18543-49
Katherine M. Slisz, #36317-49
FROST BROWN TODD LLC
201 N. Illinois St., Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Tel: 317.237.3800
Fax: 317.237.3900
khidde@fbtlaw.com
dbrackenridge@fbtlaw.com
kslisz@fbtlaw.com

*Counsel for Defendant Underwriters at Lloyd's, London*