IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S, LONDON,<br><br>    Defendant. | Case No.: 1:22-cv-01586-RLY-KMB<br><br>**DECLARATION OF LINDSEY DAVIS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO COMPLETE THREE LATE DISCOVERY REQUESTS** |

I, Lindsey Davis, hereby state as follows:

1. I am a partner with the law firm of Zelle LLP, counsel of record for Defendant Underwriters at Lloyd's, London in the above-captioned matter. I submit this declaration in opposition to Plaintiff's Motion for Leave to Complete Three Late Discovery Requests. I have personal knowledge of, or otherwise have been provided information as to, the matters contained herein and believe them to be true to the best of my knowledge and recollection.

2. Dr. Ronald Wish, the named insured under the at-issue insurance policy, sat for a remote deposition (via Zoom) in this matter on September 18, 2023, at 1:00 p.m. eastern pursuant to a subpoena Defendant served on him. Prior to September 18, undersigned counsel was unaware of Dr. Wish's apparent need to complete the deposition in two and one-half hours. Immediately after Dr. Wish joined the Zoom videoconference on September 18 at approximately 1:00 p.m. eastern, and immediately prior to the start of the deposition at 1:07 p.m. eastern, Dr. Wish advised defense counsel that he had patient appointments starting at 3:30 p.m. eastern. Dr. Wish unilaterally elected to end his deposition before Plaintiff's counsel could question the witness.

3. Based on information and belief, Plaintiff never served a subpoena on Ohio Security Insurance Company in this litigation. Defendant was never served with a notice of Plaintiff's intent to serve a subpoena on Ohio Security Insurance Company. Counsel for the parties never met and conferred regarding Plaintiff's desire to seek discovery from Ohio Security Insurance Company prior to the close of fact discovery.

4. Plaintiff took a Rule 30(b)(6) deposition of Mid-America Catastrophe Services, LLC and a third-party deposition of Robert Rhinesmith, the Mid-America Catastrophe Services, LLC independent adjuster assigned to the at-issue fire and vandalism claims.

5. Defendant produced its claim file for the fire claim (Lloyds0004908-0005106) and its claim file for the vandalism claim (Lloyds0000048-1144) to Plaintiff on November 21, 2022. None of these documents were shown to the witness during the Rule 30(b)(6) Deposition of Defendant.

6. Attached as **Exhibit 1** is a true and correct copy of the Rule 30(b)(6) Deposition Transcript of Defendant (Sara Sadler) dated August 29, 2023.

7. Attached as **Exhibit 2** is a true and correct copy of Plaintiff's Notice of Second Rule 30(B)(6) Deposition to Underwriters at Lloyd's, London.

8. Attached as **Exhibit 3** is a true and correct copy of Defendant's Response and Objection to Plaintiff's Second Rule 30(b)(6) Deposition of Defendant Underwriters at Lloyd's, London.

9. Attached as **Exhibit 4** is a true and correct copy of the Rule 30(b)(6) Deposition Transcript of National General Lender Services Adjusting, LLC (Sara Sadler) dated August 30, 2023.

10. Attached as **Exhibit 5** is a true and correct copy of National General Lender Services Adjusting, LLC's Response and Objection to Plaintiff's Third Amended Notice of Rule 30(b)(6) Deposition.

11. Attached as **Exhibit 6** is a true and correct copy of an email thread dated September 5, 2023 through September 11, 2023 between Plaintiff's counsel of record and the undersigned counsel.

12. Attached as **Exhibit 7** is a true and correct copy of an email thread dated September 21, 2023 through September 25, 2023 between Plaintiff's counsel of record and the undersigned counsel.

13. Attached as **Exhibit 8** is a true and correct copy of an email thread dated October 4, 2023 through October 10, 2023 between Plaintiff's counsel of record and the undersigned counsel.

14. Attached as **Exhibit 9** is a true and correct copy of an email thread dated July 21, 2021 through August 10, 2021 that was produced to Plaintiff on or about November 21, 2022 from Defendant's vandalism claim file. This document was not included in National General Lender Services Adjusting, LLC's "print file claim report," also referred to as "claim notes," that were shown to the witness during the Rule 30(b)(6) Deposition of Defendant as Deposition Exhibit 16. Nor was it otherwise shown to the witness.

15. Attached as **Exhibit 10** is a true and correct copy of an email thread dated October 14, 2020 that was produced to Plaintiff on or about November 21, 2022 from Defendant's vandalism claim file. This document was not included in National General Lender Services Adjusting, LLC's "print file claim report," also referred to as "claim notes," that were shown to

the witness during the Rule 30(b)(6) Deposition of Defendant as Deposition Exhibit 16. Nor was it otherwise shown to the witness.

16. Attached as **Exhibit 11** is a true and correct copy of a letter dated June 7, 2021 from National General Lender Services, LLC to Ronald Wish (the named insured) and copying Plaintiff (the borrower), Ashok Reddy (the single member of Plaintiff Best Inn Midwest, LLC), and Ross Diversified Insurance Services, Inc. (Dr. Wish's insurance agent).

17. Attached as **Exhibit 12** is a true and correct copy of the docket in *Ohio Security Insurance Company vs. Best Inn Midwest, LLC*, 1:22-cv-01223-RLY-MG, filed in the United States District Court for the Southern District of Indiana.

18. Attached as **Exhibit 13** is a true and correct copy of the docket in *Ohio Security Insurance Company vs. Best Inn Midwest LLC*, 23-1696, filed in the United States Court of Appeals for the Seventh Circuit.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: October 19, 2023

                                         s/*Lindsey Davis*
                                         Lindsey Davis