UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC, | ) |
|       Plaintiff | ) |
| v. | ) |
| | ) CASE NO.: 1:22-cv-01586-RLY-KMB |
| UNDERWRITER'S AT LLOYD'S, LONDON, | ) |
|       Defendant | ) |

## MOTION TO QUASH SUBPOENA

Comes now Non-Party Ohio Security Insurance Company, by counsel, and moves the Court to quash the October 18, 2023 Subpoena issued by the Plaintiff to produce documents and things to the Plaintiff Counsel's law firm in Washington, DC by November 6, 2023. In support of this Motion, the Non-Parties state:

### Background

1. On October 20, 2023, counsel for Ohio Security Insurance Company ("Ohio Security") accepted service of a subpoena in this matter from Plaintiff's counsel, Casey Scott McKay. The Subpoena and its attachment are attached to this Motion as Exhibit A.

2. Plaintiff Best Inn Midwest, LLC ("Best Inn") and non-party Ohio Security are currently parties in the litigation pending in the United States Court of Appeals for the Seventh Circuit case 23-1696. This appeal stems from the litigation between Best Inn and Ohio Security under cause 1:20-cv-01223-RLY-MG in the United States District Court for the Southern District of Indiana. This underlying litigation was an insurance coverage dispute

between Best Inn, a hotel in the south side of Indianapolis, and their insurer in 2019, Ohio Security.

3. In the underlying matter between Best Inn and Ohio Security (cause 1:20-cv-01223-RLY-MG), the District Court issued an Entry Adopting Report and Recommendations on August 16, 2021, which deemed the Best Inn vacant. (Exhibit B, p. 7, ¶ IV.) The vacancy determination clarified Ohio Security's limitation of coverage under Best Inn's policy with Ohio Security. (Exhibit B, p. 2.)

4. After the District Court's August 16, 2021 Order, Best Inn and Ohio Security agreed that the sole remaining issue was Best Inn's counterclaim for bad faith. (Exhibit C, p. 1.) This claim was dismissed on March 13, 2023 when the District Court dismissed Best Inn's bad faith claim following Ohio Security's Motion for Summary Judgment on the issue. (Exhibit C, p. 1-2.)

5. The matter between Best Inn and Ohio Security is currently pending in the United States Court of Appeals for the Seventh Circuit case 23-1696, and Best Inn's brief is due on November 6, 2023. (Exhibit E.)

6. Accordingly, discovery in the matter between Best Inn and Ohio Security is now closed.

7. The matter before this Court appears to involve an insurance dispute between Best Inn and Lloyd's, London regarding a Lloyd's insurance policy, effective December 19, 2019 through December 19, 2020, and centers on a claim related to a January 2020 fire and a second claim in June of 2020. (Exhibit D, p. 3, ¶ 9 and p. 4, ¶¶ 11-14.)

### Best Inn's Subpoena to Ohio Security

8. In Best Inn's subpoena to Ohio Security, they request information and claim files on "Ohio Insurance Claims", to include at least fifteen (15) claims that Best Inn made to Ohio Security. All the requested claims have a date of loss in 2019. (Exhibit A, p. 8-14.)

9. Best Inn's Subpoena requests any and all information related to consultants retained or consulted with in Ohio Security's handling of the Best Inn claims. (Exhibit A, p. 16, ¶ 4.)

10. Best Inn's non-party subpoena also asks for policies and procedures for handling claims, adjusting or inspecting claims, policies and procedures for reviewing loss appraisals, policies and procedures for issuing payment, policies and procedures for handling multiple tendered claims, policies and procedures for handling claims at a property with prior losses, and policies and procedures for assigning claims handling to any third party adjusters. (Exhibit A, p. 14-15.)

11. The Subpoena additionally requests documents, communications, records, or other information related to the claims between Ohio Security and at least nineteen individuals, representatives, or businesses. (Exhibit A, p. 16-17.)

12. Best Inn additionally requests documents, records, or other information related to Ohio Security's representatives that visited the Best Inn. (Exhibit A, p. 17-18.)

### Legal Standard

13. Rule 26(b)(1) of the Federal Rules of Civil Procedures permits a party to obtain discovery for "any nonprivileged matter that is relevant to any party's claim or defense…"

14. In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 914 (N.D. Ill. 2019) (Citing Fed.R.Civ.P. 26(b)(1).

15. A subpoena issued pursuant to Rule 45 is subject to the general relevance standard for discovery described in Rule 26(b)(1). *Heselton v. Espinoza*, 2023 WL 167093, p.1 (S.D. Ill. 2023) discussing *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004).

16. A court must quash or modify a subpoena if it would subject a person to undue burden, or if a subpoena would require disclosure of confidential information or sensitive commercial material. *Fed. R. Civ. P. 45(d)(3)*. A court must also quash a subpoena that creates an undue burden on the non-party. *Fed. R. Civ. P. 45(d)(3)(A)(iv)*.

17. The Court has "extremely broad discretion" in controlling discovery and considering relevancy issues. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

18. The Southern District of Illinois case of *Heselton v. Espinoza* is relevant here. In that matter, a Motion to Quash was filed by one of the parties related to a non-party request to RSI Insurance Brokers. *Heselton v. Espinoza*, 2023 WL 167093, p. 1 (S.D. Ill. 2023). The subpoena called for the underwriting files, correspondence, insurance applications, insurance findings, and policies. *Id*. The court noted concerns with the subpoena's scope and noted that "communications between an insured and an insurer during pending litigation may be subject to attorney-client privilege." *Id*. at 3. The Court also noted that the underling litigation involved claims based on driving actions of a particular defendant, yet the subpoena broadly requested documents and communications related to

all of the company's underwriting files. *Id*. "Here, the Court has concerns over the limitless scope of the RSI Subpoena." *Id*. The Court granted the Motion to Quash in *Heselton*. *Id.* at 4.

Argument

19. Ohio Security objects to Best Inn's non-party subpoena in this matter and respectfully asks for this Court to quash this non-party subpoena.

20. In the instant matter, Best Inn is engaged in litigation with Lloyd's, London. The litigation appears to involve an insurance dispute between Best Inn and Lloyd's, London regarding an insurance policy, effective December 19, 2019 through December 19, 2020, and centers on a claim related to a January 2020 fire and a second claim in June of 2020. (Exhibit D, p. 3, ¶ 9 and p. 4, ¶¶ 11-14.)

21. Best Inn's non-party subpoena requests claim file information from Ohio Security in a litigation that does not involve Ohio Security's insurance coverage of Best Inn. All of Best Inn's claim file requests with Ohio Security are related to 2019 claims that are unrelated to the 2020 claims with Lloyd's at issue in this litigation. (Exhibit A, p. 8-14.) Accordingly, Ohio Security's claim records related to Best Inn have no bearing to the Lloyd's coverage at issue in the instant litigation and are improper subpoena requests under Rule 26(b)(1) and Rule 45.

22. Ohio Security also has concerns about a request from Best Inn to Ohio Security related to claims made to Ohio Security by Best Inn when there is litigation pending between Ohio Security and Best Inn in United States Court of Appeals for the Seventh Circuit case 23-1696.

23. On October 4, 2023 the Seventh Circuit approved an extension for Best Inn to file their opening brief and indicated that Best Inn's brief is due on November 6, 2023. (Exhibit E.) Then, on October 20, 2023, Best Inn served a non-party subpoena to Ohio Security in this matter requesting claim file information related to Best Inn's claims with Ohio Security. The due date on Best Inn's non-party subpoena to Ohio Security is November 6, 2023, the same date that Best Inn's brief is due in their appeal in the Seventh Circuit. Discovery was conducted between Best Inn and Ohio Security in cause 1:20-cv-01223-RLY-MG where Best Inn's bad faith claim was litigated. Discovery is now closed in that matter, and using the subpoena power of this litigation to get around closed discovery or to otherwise assist in Best Inn's appeal in another litigation is extremely improper.

24. Best Inn's request for all information and claim files for Best Inn's claims with Ohio Security is additionally inappropriate for production because it asks for protected work product. Those claims are involved in pending litigation and Best Inn is not entitled to such privileged information. *Fed. R. Civ. P. 45(d)(3)(A)(iii).* Best Inn's Subpoena also requests any and all information related to consultants retained or consulted with in Ohio Security's handling of the Best Inn claims. (Exhibit A, p. 16, ¶ 4.) This explicitly calls for work product and information concerning experts that may have been consulted in the litigation between Best Inn and Ohio Security.

25. For Ohio Security to invoke privilege claim, Best Inn's subpoena requires Ohio Security to go through Best Inn's numerous claims with Ohio Security and identify each privileged document. (Exhibit A, p. 13, ¶ 3.) Best Inn then requires Ohio Security to provide the date, sender, recipient, persons whom copies were furnished, job titles of persons whom that information was furnished to, the subject matter of the privileged

information, and the basis for non-disclosure. (Exhibit A, p. 13, ¶ 3.) This is creates an undue burden for Ohio Security, especially in the context of a litigation between Best Inn and another insurance company that surrounds two 2020 claims that are unrelated to Ohio Security.

26. An additional unduly burdensome request is Best Inn's requirement that Ohio Security provide policies and procedures for handling claims, adjusting or inspecting claims, policies and procedures for reviewing loss appraisals, policies and procedures for issuing payment, policies and procedures for handling multiple tendered claims, policies and procedures for handling claims at a property with prior losses, and policies and procedures for assigning claims handling to any third party adjusters. (Exhibit A, p. 14-15.) In addition to being unduly burdensome, these records are irrelevant and contain sensitive business information that is not appropriate for disclosure in a litigation between Best Inn and Lloyds. Ohio's policies for handling claims will not make a fact of consequence in this litigation more or less probable and is therefore irrelevant. How does Ohio Security's internal policy related to claim handling have any bearing on Best Inn's claim against Lloyd's for two 2020 claims that Best Inn made with Lloyds? This subpoena should be quashed on relevance grounds.

27. Best Inn's Subpoena additionally requests documents, communications, records, or other information related to the claims between Ohio Security and at least nineteen individuals, representatives, or businesses. (Exhibit A, p. 16-17, ¶ 5.) This will require Ohio Security to go through the unduly burdensome task of doing an exhaustive search of their internal records for any responsive documents or communications between nineteen individuals.

This is especially improper in the context of a litigation between Best Inn and Lloyds regarding Lloyd's coverage of Best Inn's two 2020 claims.

WHEREFORE, Ohio Security is respectfully requesting that this Court QUASH Best Inn's October 18, 2023 subpoena (Exhibit A). This subpoena calls for irrelevant information from a non-party. The instant matter involves 2020 claims by Best Inn against Lloyd's. Policy and claim information related to Best Inn's 2019 claims against Ohio Security, which are currently in litigation before the Seventh Circuit Court of Appeals, is irrelevant and improper for turnover under Rules 26(b)(1) and 45. Additionally, Ohio Security has significant concerns about the nature and timing of a subpoena for claim documents with Ohio Security when discovery in the litigation between Best Inn and Ohio Security is closed. Best Inn requires Ohio Security to produce the requested information on or before the due date of its brief with the Seventh Circuit in the litigation with Ohio Security. In addition to relevancy and privilege concerns, this is a broad and unduly burdensome request for a vast amount of information from Ohio Security. Quashing this subpoena is appropriate under Fed.R.Civ.P. 45(d)(3).

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

By: _____
     John Holmen, Atty: 35544-64
     KIGHTLINGER & GRAY, LLP
     8001 Broadway, Suite 100
     Merrillville, IN 46410
     jholmen@k-glaw.com
     *Counsel for Non-Party, Ohio Security Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of November, 2023, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**Casey Scott McKay**
MC Law,
PLLC1441 U St. NW, Suite 712
Washington DC, DC 20009

**Akira Cespedes Perez**
Zelle LLP
500 Washington Ave. S.Suite 4000
Minneapolis, MN 55415

                                        s/John Holmen
                                        John Holmen