UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BEST INN MIDWEST, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Defendant.<br>______________________________<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>Interested Party. | ) | No. 1:22-cv-01586-RLY-KMB |

**ORDER ON DEFENDANT'S EXPEDITED MOTION TO COMPEL**

Currently pending before the Court is Defendant Underwriters at Lloyd's, London ("Underwriters") Motion to Compel Plaintiff Best Inn Midwest, LLC ("Best Inn") to designate one or more persons to testify on its behalf on the topics set forth in Underwriters' Notice of Rule 30(b)(6) Deposition of Best Inn. [Dkt. 63.] For the reasons detailed below, the Court **GRANTS** the Motion.

## I. RELEVANT BACKGROUND

Best Inn initiated this insurance coverage action, alleging that Underwriters breached its policy and its duties of good faith and fair dealing with Best Inn by allegedly failing to adjust and pay losses stemming from vandalism that occurred at a motel owned by Best Inn. [Dkt. 1-1.]

The underpinnings of the present discovery dispute started in May 2023, when counsel for Best Inn and Underwriters began discussing scheduling a Rule 30(b)(6) deposition of Best Inn. [Dkt. 65-1 at 2.] Counsel initially agreed to conduct the deposition in Indianapolis on July 25, 2023, but shortly thereafter, Best Inn got new counsel and requested that the deposition be

rescheduled and conducted in Washington, D.C. [Dkts. 46; 65-1 at 18.] Counsel agreed to move the deposition to Washington, D.C., and the deposition was rescheduled for August 9, 2023. [*Id.* at 17-18.] On August 6, 2023, however, counsel for the Parties again agreed to move the deposition at Underwriters' request to "to a date later [in August] or early September." [*Id.* at 27-28.]

On September 13, 2023, Underwriters served its Notice of Rule 30(b)(6) Deposition on Best Inn and noticed the deposition for September 20, 2023, in Washington, D.C. [*Id.* at 31-41.] Counsel for Best Inn responded to the notice indicating that "Best Inn will be objecting to the deposition and Best Inn does not plan on coming [to] the deposition on the 20th (without a court order) because, among other things, its [sic] too short of notice and Best Inn has scheduling conflicts. I inquired with my Client about alternative dates to suggest, but haven't heard anything back yet." [*Id.* at 44-48.] Two days later, Best Inn served its Response and Objections to Underwriters' Notice of Rule 30(b)(6) Deposition, asserting that the "short notice period is unduly burdensome on Best Inn" and requested that Underwriters "provide Best Inn fourteen days before the actual deposition when serving Best Inn with a Notice and Subpoena." [*Id.* at 53.] Counsel for Underwriters then proposed alternative dates for the deposition and indicated that it would be open to the Parties mutually agreeing to the deposition occurring after the close of the non-expert witness discovery deadline. [*Id.* at 117.]

The non-expert discovery deadline in this case was September 25, 2023. The 30(b)(6) deposition of Best Inn did not occur before that deadline, and the Parties requested a Telephonic Discovery Conference on October 4, 2023. [Dkts. 58; 59.] At that conference, the Court and counsel discussed the Parties' positions on this discovery dispute—as well as their positions on six other discovery disputes—and the undersigned indicated how she would rule on each dispute

should a discovery motion be presented containing the same arguments. [Dkt. 60 at 1.] Specifically, the Court ruled that that "Underwriters' Rule 30(b)(6) Deposition of Best Inn . . . should proceed, given that counsel for both Parties discussed the need for it all summer and Underwriters served a subpoena ahead of the discovery deadline." [Dkt. 60.] On October 12, 2023, Underwriters filed the present Motion to Compel. [Dkt. 63.]

## II. APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). "District Courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion . . . in delimiting the scope of discovery in a given case").

Under Federal Rule of Civil Procedure 30(b)(6), a party may notice the deposition of a corporation, partnership, association, governmental agency, or other organization. In response, the named organization "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" on the noticed topics. Fed. R. Civ. P. 30(b)(6). The designee "'must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions,'" and the organization's "'interpretation of documents and events.'" *Avenatti v. Gree USA, Inc.*, 2022 WL 3134425, at *2 (S.D. Ind. Aug. 5, 2022) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). The organization must collect the

necessary information and prepare the designee so that that person can give binding testimony that is complete and knowledgeable. *Id.* (citing *All. for Glob. Just. v. D.C.*, 437 F. Supp. 2d 32, 37 (D.D.C. 2006)).

**III. DISCUSSION**

In support of its Motion to Compel, Underwriters emphasizes that it served its Notice of Rule 30(b)(6) Deposition and sought to complete its deposition of Best Inn before the close of non-expert discovery, after months of scheduling discussions with Best Inn's various attorneys. [Dkt. 64 at 5.] Underwriters asserts that Best Inn now agrees to sit for its deposition only if counsel for Underwriters also agrees to allow Best Inn to conduct a second Rule 30(b)(6) deposition of Underwriters, as well as a late deposition of non-party Ron Wish. [*Id.* at 6 (referencing dkt. 65-1 at 122-130).] However, Underwriters points out that "the Court did not condition its indicative ruling on [Underwriters'] Rule 30(b)(6) deposition of [Best Inn] on [Best Inn] taking a second Rule 30(b)(6) deposition of [Best Inn] or a second fact deposition of third-party Ron Wish." [*Id.*] Rather, Underwriters claims that the Court separately addressed each discovery dispute at the Telephonic Discovery Conference, so Best Inn should not be able to condition its participation in Underwriters' deposition of Best Inn on obtaining its desired discovery. [*Id.*]

In response, Best Inn contends that Underwriters' Motion to Compel is premature because, in its estimation, nothing needs to be compelled at this point in the proceedings. [Dkt. 74 at 1.] Best Inn argues that Underwriters never served a proper notice of deposition on Best Inn, and therefore Best Inn never refused to attend a properly noticed deposition. [*Id.* at 4.] Specifically, Best Inn asserts that Underwriters served its Notice of Rule 30(b)(6) Deposition only twelve days before the close of discovery and gave Best Inn only five days to prepare for the deposition, which led Best Inn to object to the deposition on the grounds that it was "too last minute." [*Id.* at 6.]

Rather than seeking leave from the Court to serve a proper notice and complete the deposition, Best Inn says that Underwriters "skipped ahead" to filing this Motion to Compel. [*Id.* at 8.] Best Inn adds that Underwriters should be sanctioned to deter future motions to compel. [*Id.* at 36.]

In reply, Underwriters argues that the instant motion is not premature. [Dkt. 81 at 1.] According to Underwriters, Best Inn does not dispute that the Parties discussed scheduling Underwriters' deposition of Best Inn in May 2023 and several times thereafter. [*Id.* at 2-3.] Underwriters also points out that Best Inn does not dispute that it was served with the Notice of Rule 30(b)(6) Deposition before the close of discovery. [*Id.* at 3.] Underwriters claims that Best Inn has not presented anything new or significant such that the Court should deviate from its preliminary indication at the Telephonic Discovery Conference that the deposition of Best Inn "should proceed." [*Id.* at 5.] Additionally, Underwriters says that Best Inn's request for sanctions is procedurally improper and substantively unsupported. [*Id.* at 6.]

The Court agrees with Underwriters that Best Inn has not presented anything new or significant to change its preliminary indication to the Parties at the Telephonic Discovery Conference that the Rule 30(b)(6) deposition of Best Inn should proceed. *See E.E.O.C. v. Celadon Trucking Services, Inc.*, 2013 WL 5915206, at *1 (S.D. Ind. Nov. 1, 2013) ("One purpose of Local Rule 37-1 is to expeditiously address discovery disputes and promote judicial efficiency. Counsel should expect that, absent something new and significant in briefing, the preliminary indication received from the Court at the Local Rule 37-1 conference will be the likely outcome of the issues if formally brought before the Court by way of a motion."). As the Court noted in its Entry and Order from Telephonic Discovery Conference, the Parties discussed scheduling this deposition several times over the course of many months leading up to the non-expert discovery deadline, and Underwriters served its Notice of Rule 30(b)(6) Deposition and subpoena ahead of that

deadline. Although a deposition should typically not be scheduled on less than fourteen days of notice under Local Rule 30-1, it is clear here that the Parties had discussed scheduling this deposition numerous times over the course of many months. It appears to the Court that Best Inn has engaged in delay and gamesmanship to attempt to thwart this deposition. Accordingly, Underwriters' Motion to Compel Best Inn to designate a representative to testify on its behalf on the topics in Underwriters' Notice of Rule 30(b)(6) Deposition is granted. Best Inn's request for sanctions in its briefing is not warranted.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Underwriters' Motion to Compel. [Dkt. 63.] Best Inn shall designate a person or persons to testify on its behalf on the topics set forth in Underwriters' Notice of Rule 30(b)(6) Deposition of Best Inn, and the deposition shall occur **no later than December 22, 2023**. The Court's ruling is not conditioned upon any relief sought in any of the other pending discovery motions, and further delay by Best Inn on sitting for its Rule 30(b)(6) deposition will not be tolerated.

**SO ORDERED.**

Date: 11/28/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email