UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01586-RLY-KMB |
| ) | |
| UNDERWRITERS AT LLOYD'S, LONDON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| OHIO SECURITY INSURANCE COMPANY, ) | |
| ) | |
| Interested Party. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO COMPLETE THREE LATE DISCOVERY REQUESTS**

Currently pending before the Court is Plaintiff Best Inn Midwest, LLC's ("Best Inn") Motion for Leave to Complete Three Late Discovery Requests. [Dkt. 68.]  In its Motion, Best Inn requests leave to (1) conduct a second Rule 30(b)(6) deposition of Defendant Underwriters at Lloyd's London ("Underwriters"), (2) conduct its second cross-examination of non-party Dr. Ron Wish, and (3) serve a subpoena and requests for production of documents and things on non-party Ohio Security Insurance Company ("Ohio Security").  For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** Best Inn's Motion for Leave.  [Dkt. 68.]

**I.  RELEVANT BACKGROUND**

Best Inn initiated this insurance coverage action, alleging that Underwriters breached its policy and its duties of good faith and fair dealing with Best Inn by allegedly failing to adjust and pay losses stemming from vandalism that occurred at a motel owned by Best Inn.  [Dkt. 1-1.]

The present motion concerns three requests from Best Inn to conduct late discovery in this case. However, for reasons explained more fully below, this Order only addresses Best Inn's request to cross-examine non-party Dr. Ron Wish, so the Court will therefore outline only the relevant background information as it relates to this request.

On September 18, 2023, Dr. Wish, who is the named insured on the insurance policy at issue in this case, sat for a remote deposition pursuant to a subpoena served on him by Underwriters. [Dkt. 77 at ¶ 1.] Shortly after joining the remote deposition, Dr. Wish informed counsel that he had patient appointments later that afternoon. [*Id.*] About 2.5 hours into the deposition, Dr. Wish unilaterally decided to end it before counsel for Best Inn could cross-examine him. [*Id.*]

The non-expert discovery deadline in this case was September 25, 2023. The Parties did not reschedule a second deposition of Dr. Wish, and Best Inn therefore did not cross-examine Dr. Wish before the close of non-expert discovery. The Parties requested a Telephonic Discovery Conference that was held on October 4, 2023. [Dkts. 59; 60.]

At the discovery conference, the Court and counsel discussed the Parties' positions on various discovery disputes, and the undersigned indicated how she would rule on each dispute should a discovery motion be presented containing the same arguments. [Dkt. 60 at 1.] Specifically, regarding Best Inn's request for a second deposition of Dr. Wish, the Court ruled that "[i]t is concerning to the Court that Mr. Wish walked out of the deposition without the permission of counsel, such that counsel for Underwriters was able to ask him questions but counsel for Best Inn was not. Counsel for Best Inn should also be allowed to ask Mr. Wish questions—either via a second deposition or by Mr. Wish responding to written questions under oath. Should counsel necessitate something from the Court to ensure that Mr. Wish complies, counsel shall file the

appropriate motion no later than October 18, 2023." [*Id.* at 2 (emphasis removed).] On October 13, 2023, Best Inn filed its Motion for Leave. [Dkt. 68.] The motion is now fully briefed.

## II. APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). "District Courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion . . . in delimiting the scope of discovery in a given case").

Depositions are generally governed by Federal Rule of Civil Procedure 30, which allows for both the examination *and* cross-examination of a deponent. *See* Fed. R. Civ. P. 30(c)(1) (explaining that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence"). "A party must obtain leave of court, and the court must grant leave . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(ii).

## III. DISCUSSION

### A. Best Inn's Request to Conduct a Second Deposition of Dr. Wish

In support of its request to conduct a second deposition of Dr. Wish, Best Inn argues that Dr. Wish's untimely departure from his first deposition deprived it of a fair opportunity to cross-examine him. [Dkt. 68 at 16.] Therefore, Best Inn claims that it was unable to obtain vital

3

information from Dr. Wish, which violates the principles of comprehensive discovery and puts Best Inn at a significant disadvantage. [*Id.* at 20-21.] Best Inn explains that it only needs about an hour to cross-examine Dr. Wish. [*Id.*] Best Inn is also willing to accommodate Dr. Wish by conducting a virtual deposition and is, alternatively, open to serving Dr. Wish with written deposition questions. [*Id.*]

In response, Underwriters does not object to Best Inn's request for leave to cross-examine Dr. Wish. [Dkt. 76 at 12.] Underwriters acknowledges that Dr. Wish ended his deposition early, but Underwriters asserts that it was not aware prior to the deposition of Dr. Wish's apparent need to complete the deposition in under 2.5 hours. [*Id.*] Given these circumstances, Underwriters agrees that Best Inn should be able to conduct a cross-examination of Dr. Wish, but to the extent Best Inn is permitted to do so, Underwriters requests that Best Inn be ordered to do so within 21 days of the Court's order. [*Id.*]

In reply, Best Inn reiterates that the Court should grant its request to conduct a second deposition of Dr. Wish because no Parties object to Best Inn having an opportunity to cross-examine him. [Dkt. 83 at 17.]

In light of the Parties' agreement that Best Inn should be able to conduct a second deposition of Dr. Wish, the Court **GRANTS IN PART** Best Inn's Motion for Leave such that Best Inn is permitted to cross-examine Dr. Wish about the testimony he provided at his September 18, 2023 deposition, either via a second deposition or by Dr. Wish responding to written questions under oath. *See also Hearst/ABC-Viacom Entertainment Services v. Goodway Marketing, Inc.*, 145 F.R.D. 59, 62 (E.D. Pa. 1992) (finding that the decision to unilaterally terminate a deposition contravenes the Federal Rules of Civil Procedure). **Within 14 days from the date of this Order**, Best Inn shall serve Dr. Wish with a notice of second deposition or written deposition questions.

4

If Best Inn elects to conduct a second deposition, it will have **no more than 2.5 hours** to cross-examine Dr. Wish and must complete said deposition **within 14 days of serving Dr. Wish with its notice of deposition**.  The Parties shall bear their own costs associated with taking a second deposition of Dr. Wish.  If Best Inn elects to serve written deposition questions, Dr. Wish shall provide his responses **within 14 days of being served with Best Inn's written deposition questions**.

    B. **Best Inn's Request to Conduct a Second Rule 30(b)(6) Deposition of Underwriters and Request to Serve a Subpoena on Ohio Security**

    The Court will also briefly address Best Inn's two other requests in its Motion for Leave, which are its request to conduct a second deposition of Underwriters and its request to serve a late subpoena on Ohio Security.  In short, these requests are duplicative of other discovery motions in this case that the Court has ruled on or will rule on in due course.  First, Best Inn's request to conduct a second Rule 30(b)(6) deposition has already been addressed in a previous Order.  [*See* dkt. 95 (granting in part and denying in part Best Inn's Motion to Compel the Second Rule 30(b)(6) Deposition of Underwriters).]  Accordingly, Best Inn's request in the instant motion to conduct a second deposition of Underwriters is **DENIED AS MOOT**.

    Second, on November 11, 2023, Ohio Security filed a Motion to Quash Subpoena, in which Ohio Security explains that Best Inn served it with a subpoena to produce documents and things on October 18, 2023.  [Dkt. 86.]   Because Best Inn has already served the subpoena it requests leave to serve in the present motion, this request is also **DENIED AS MOOT** such that the propriety of that underlying subpoena will be addressed when the Court rules on the pending Motion to Quash.  [Dkt. 86.]

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART** Best Inn's Motion for Leave such that Best Inn is permitted to cross-examine non-party Dr. Wish about the testimony he provided at his September 18, 2023 deposition and **DENIES IN PART** Best Inn's Motion for Leave because its requests for leave to conduct a second Rule 30(b)(6) deposition of Underwriters and to serve a subpoena and requests for production of documents and things on non-party Ohio Security are moot and have been addressed or will be addressed in a separate order from the Court. [Dkt. 68.]

**SO ORDERED.**

Date: 12/15/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email