UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEST INN MIDWEST, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01586-RLY-KMB |
| ) | |
| UNDERWRITERS AT LLOYD'S, LONDON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| OHIO SECURITY INSURANCE COMPANY, ) | |
| ) | |
| Interested Party. ) | |

### ORDER ON INTERESTED PARTY OHIO INSURANCE COMPANY'S MOTION TO QUASH SUBPOENA

Currently pending before the Court is Interested Party Ohio Security Insurance Company's ("Ohio Security") Motion to Quash Subpoena issued by Plaintiff Best Inn Midwest, LLC ("Best Inn"). [Dkt. 86.] For the reasons detailed below, the Court **GRANTS** Ohio Security's Motion to Quash Subpoena. [*Id.*]

### I. RELEVANT BACKGROUND

Best Inn initiated this insurance coverage action in July 2022, alleging that Defendant Underwriters at Lloyd's London ("Underwriters") breached its policy and its duties of good faith and fair dealing with Best Inn by allegedly failing to adjust and pay losses stemming from vandalism that occurred at a motel owned by Best Inn. [Dkt. 1-1.] Ohio Security was Best Inn's insurer immediately prior to Underwriters' coverage period for the motel, which began on December 19, 2019. [Dkt. 92 at 3.]

Non-expert and liability discovery in this case closed on September 25, 2023. [Dkt. 52.] Ohio Security's Motion to Quash concerns a subpoena that Best Inn served on Ohio Security several weeks after the close of non-expert discovery. Ohio Security accepted service of that subpoena on October 20, 2023. Through that subpoena, Best Inn requests information and claim files on approximately fifteen claims that Best Inn made with Ohio Security in 2019. [Dkts. 86 at ¶¶ 1, 8; 92 at 2.]

After failing to resolve several discovery disputes that were brewing, the Parties requested a Telephonic Discovery Conference with the Court that was held on October 4, 2023. [Dkts. 59; 60.] Various discovery issues were discussed over the course of the lengthy conference, but Best Inn did not raise its alleged need to subpoena documents and information from Ohio Security. [*Id.*] Nevertheless, Best Inn later served Ohio Security with a subpoena, and on November 3, 2023, Ohio Security filed its Motion to Quash Subpoena. [Dkt. 86.] The motion is now fully briefed.

## II. APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). "District Courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion . . . in delimiting the scope of discovery in a given case").

Federal Rule of Civil Procedure 45 allows the Court to quash or modify a subpoena when a motion to quash is timely filed. "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria." *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *1 (S.D. Ind. Mar. 10, 2015) (quotation marks and citation omitted). "The decision whether to quash a subpoena falls within the district court's discretion." *Webb v. Hendricks Cnty. Sheriff's Off.*, 2021 WL 3077925, at *1 (S.D. Ind. Jul. 21, 2021). Specifically, it is within the Court's discretion to quash a subpoena issued after the close of fact discovery if the documents could have been requested during fact discovery. *Doe v. Purdue Univ.*, 2022 WL 4302781, at *1 (N.D. Ind. Sept. 16, 2022).

### III. DISCUSSION

In support of its Motion to Quash, Ohio Security argues that the claim files and information that Best Inn requests in its subpoena have no bearing on Underwriters' coverage in the present case, which concerns a separate incident at the motel after the coverage period for Ohio Security's policy ended. [Dkt. 86 at ¶ 21.] Therefore, Ohio Security asserts that the subpoena seeks irrelevant information from a non-party and must be quashed. [*Id.* at 8.] Ohio Security also argues that Best Inn's subpoena asks for protected work product, since the requested claim files are involved in a separate case between Best Inn and Ohio Security that is currently pending before the Seventh Circuit Court of Appeals. [*Id.* at ¶¶ 23-24.] Finally, Ohio Security claims that the subpoena is broad and unduly burdensome because it requires Ohio Security to search for and review a vast amount of information. [*Id.* at 8.]

In response, Best Inn asserts that it served Ohio Security with a subpoena because Underwriters claims that it needs certain claim files and information in order to make a final determination on Best Inn's vandalism claim. [Dkt. 92 at 2.] Thus, Best Inn contends that the

3

claim files and information it requests in its subpoena are relevant to this case. [*Id.* at 3.] To the extent its subpoena is overly broad, unduly burdensome, or seeks privileged documents, Best Inn agrees to modify its subpoena. [*Id.*] In fact, Best Inn claims that it has already served Ohio Security with a modified subpoena, in which it narrows its requests. [*Id.* at 17.]

In reply, Ohio Security maintains that Best Inn's subpoena is unduly burdensome and seeks irrelevant information, even despite Best Inn's amendments to the original subpoena. [Dkt. 93 at ¶ 8.] Ohio Security emphasizes that Best Inn cites no authority providing that a third-party insurer must produce records of unrelated claims to assist with coverage decisions or legal disputes involving subsequent insurers. [*Id.* at ¶ 20.] According to Ohio Security, Best Inn's original subpoena and amended subpoena go beyond vandalism claims, since they seek claim files for water leaks, drywall damages, mold, phone system issues, and employee embezzlement, among other things. [*Id.* at ¶ 23.]

Underwriters argues in its Response in Opposition to Best Inn's Motion for Leave that Best Inn "never served or attempted to serve a subpoena on Ohio Security . . . before the close of fact discovery." [Dkt. 76 at 3.] Underwriters also asserts that the Parties never met and conferred regarding Best Inn's desired discovery from Ohio Security, and Best Inn did not seek the Court's guidance on its desired discovery from Ohio Security in the Parties' Status Report to the Court or at the Telephonic Discovery Conference. [*Id.*] Underwriters contends that Best Inn had ample time to subpoena the at-issue claim files and information from Ohio Security, but it failed to do so. [*Id.* at 10.]

The Court concludes that Ohio Security has met its burden of establishing that Best Inn's subpoena falls within the criteria of Rule 45. *See Odongo*, 2015 WL 1097400, at *1. The Court finds that Best Inn has not shown good cause for why it should be allowed to subpoena Ohio

4

Security after the close of fact discovery. As Underwriters correctly asserts, Best Inn had ample time to obtain these documents from Ohio Security before the discovery deadline, yet it did not serve Ohio Security with its subpoena until almost one month after that deadline passed. Despite Best Inn's counsel's claim that he "has been attempting to get Best Inn's prior claim files [with Ohio Security] for months," Best Inn never raised this matter with the Court at the Discovery Conference, which it should have done given that discovery had just closed. [*See* dkt. 59 (report in which Best Inn raises six discovery issues to discuss on conference, but its desire to subpoena Ohio Security is not one of them).]

Importantly, this litigation concerns Underwriters' handling of an insurance coverage claim that Best Inn made during the policy period that Underwriters—not Ohio Security—provided coverage for Best Inn's motel. In fact, Best Inn seemingly acknowledges that its subpoena would not result in Ohio Security producing any additional documents critical to Underwriters' determination about Best Inn's vandalism claim. [*See* dkt. 92 at 4-5 (Underwriters previously sent requests to Ohio Security about Best Inn's prior claims; Ohio Security produced all information it deemed relevant and sent Underwriters all documents relating to vandalism claims Best Inn made with Ohio Security in 2019; and "[f]rom what Best Inn understands, the documents and information Ohio Security sent [Underwriters] back in 2021 were most likely all the information Ohio Security had to produce regarding Best Inn's prior claims filed under the Ohio [Security] Policy in 2019").] Given this concession and the untimely manner in which Best Inn served the subpoena at issue, the Court concludes that it is appropriate to exercise its discretion and grant Ohio Security's Motion to Quash. *See Purdue Univ.*, 2022 WL 4302781, at *1 (granting plaintiff's motion to quash subpoena because the subpoena was issued after the close of fact discovery, it sought documents that could have been requested during fact discovery, and "there [was] no

argument from which the Court [could] conclude that the requested evidence was sought in a timely manner").

## IV.  CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Ohio Security's Motion to Quash Subpoena. [Dkt. 86.]

**SO ORDERED.**

Date: 12/21/2023

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email